STANDARD OIL COMPANY, APPELLEE, *v.* NOBLE, APPELLANT.

(No. 3040—Decided March 31, 1982.)

Mr. *Stanley Green,* for appellee.
Mr. *David Hazelkorn,* for appellant.

COOK, J. On April 7, 1981, appellee, Standard Oil Company, filed a complaint against appellant, Clifford Noble, for money due as a result of appellant's use of appellee's credit card. Appellant was served with a copy of the complaint and a summons. On June 5, 1981, appellant was granted leave to move or plead by July 10, 1981. Appellant failed to move or plead. On August 12, 1981, appellee filed an application for default judgment which was granted on August 25, 1981.

Appellant has appealed the judgment and filed the following two assignments of error:

"1. The trial court erred in granting a default judgment upon a party who had entered an appearance when the record clearly showed no written notice of the application for default was served upon the party.

"2. The trial court erred in not waiting seven days before entering a default judgment upon a party who had previously entered an appearance in the case."

The assigned errors are well taken.

Civ. R. 55(A), in pertinent part, states:

"* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"

Appellant appeared in the action by his counsel filing a motion for leave to move or plead on June 5, 1981.

Civ. R. 5(D) states:

"All papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service. Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Rule 11."

The record before this court contains no proof of service endorsed on the application of appellee for default judgment nor any proof of service of said application separately filed. Therefore, we conclude appellee's application for default judgment was not served on appellant or his counsel.

Judgment reversed and cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

HOFSTETTER, P.J., and DAHLING, J., concur.