BANCOHIO NATIONAL BANK, APPELLEE, *v.* MAGER ET AL., APPELLANTS.

(No. 87AP-826 — Decided March 29, 1988.)

*Kincaid, Palmer & Randall* and *David Carruthers,* for appellee.

*Miller, Barnes & Christian, T. Michael Christian* and *Lee C. Mittman,* for appellants.

STRAUSBAUGH, J. This is an appeal by defendants from a judgment of the court of common pleas denying them relief from a default judgment. Default judgment was entered in favor of plaintiff on September 25, 1984 on plaintiff's complaint to collect on a promissory note.

Plaintiff, BancOhio National Bank, filed a complaint against defendants, Joseph and Doris E. Mager, on February 22, 1984, seeking recovery on a promissory note executed by defendants on February 12, 1971. Certified mail service was obtained on defendants on August 1, 1984 at an address different from that listed for defendants in the caption of the complaint. Subsequently, on August 22, 1984, defendants served a motion for change of venue on plaintiff. Plaintiff filed a memorandum contra the motion for change of venue on August 24, 1984. Thereafter, on September 25, 1984, plaintiff filed a motion for default judgment in the sum of $12,741.31 plus interest and costs. The court, by judgment entry filed on that same date,

granted plaintiff's motion for default judgment.

Defendants then learned, in May 1986, of the default judgment taken against them in September 1984. As a result, defendants filed with the trial court, on May 16, 1986, a Civ. R. 60(B)(4) and (5) motion for relief from judgment. The court, on August 4, 1987, overruled defendants' motion to vacate judgment.

Defendants on appeal raise the following assignment of error:

"The Trial Court erred and abused its discretion in overruling the Motion of Defendants-Appellants for relief from the default judgment taken against them where the record in the Trial Court discloses that the Defendants-Appellants timely and properly appeared in the case and were not served with written notice of the application for default judgment as prescribed by Ohio Rule of Civil Procedure 55(A)."

Plaintiff has failed to file a brief in this matter; thus, this court accepts defendants' statement of the facts and issues as correct pursuant to App. R. 18(C). Defendants argue that since they had filed a motion for change of venue that they had appeared in the action for purposes of Civ. R. 55(A). As such, defendants contend that Civ. R. 55(A) entitled them to written notice of the application for judgment filed by plaintiff at least seven days prior to the hearing on such application. Since plaintiff failed to timely serve on defendants its motion for default judgment, it is defendants' position that the trial court erred when it denied their motion for relief from judgment.

Civ. R. 55(A) provides in part that "* * * [i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such ap-

plication." The courts of this state, in construing the notice provisions of Civ. R. 55(A), have liberally interpreted the term "appeared." See, *e.g., AMCA Internatl. Corp.* v. *Carlton* (1984), 10 Ohio St. 3d 88, 10 OBR 417, 461 N.E. 2d 1282 (filing notice of appeal with the common pleas court pursuant to R.C. 4123.519 constitutes appearance); *Suki* v. *Blume* (1983), 9 Ohio App. 3d 289, 9 OBR 536, 459 N.E. 2d 1311 (filing untimely answer without leave of court constitutes an appearance); *Gagliardi* v. *Flowers* (1984), 13 Ohio App. 3d 238, 13 OBR 290, 468 N.E. 2d 933, and *Hardware & Supply Co.* v. *Edward Davidson, M.D., Inc.* (1985), 23 Ohio App. 3d 145, 23 OBR 371, 492 N.E. 2d 168 (filing of motion to file answer instanter or motion for extension to plead constitutes appearance).

This court finds that the filing of a motion for change of venue constitutes an appearance for purposes of Civ. R. 55(A). Our finding in this regard is underscored by the provisions of Civ. R. 3(C)(3) which state that a court may transfer an action for which default judgment is sought to a proper county on the court's own motion. Since this provision was intended to eliminate the filing of actions in improper forums to encourage default, it follows that once a party has filed a motion for change of venue that party is entitled to notice of the default proceeding. See, generally, McCormac, Ohio Civil Rules Practice (1970) 23, Section 2.23.

Accordingly, since defendants appeared in the instant action, the trial court erred when it failed to properly notify defendants pursuant to Civ. R. 55(A). Therefore, defendants' sole assignment of error is sustained, and the judgment of the court of common pleas is reversed. We note, however, that our decision in this matter relates solely to the *procedure* by which the default judgment was taken. We express no opinion as to the merits of the

default judgment. The cause is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY and BOWMAN, JJ., concur.