**VIDEO PRODUCTS DISTRIBUTORS, INC.**

v.

**Steven W. KILSEY.**

**No. 95–408–Appeal.**

Supreme Court of Rhode Island.

Sept. 20, 1996.

Lauren Jones, Providence, Neal R. Haber, Warwick, for Plaintiff.

William M. Walsh, East Providence, for Defendant.

## OPINION

PER CURIAM.

This controversy arises from an attempt to enforce in Rhode Island an out-of-state default judgment obtained against a Rhode Island defendant. The plaintiff, Video Products Distributors, Inc., is a California corporation. The defendant, Steven W. Kilsey, is a Rhode Island resident and the president of a Rhode Island corporation, Kil–Mat Video, Inc. (Kil–Mat). On February 21, 1995, a default judgment totaling $62,176.05 was entered in a California court against the defendant personally on the plaintiff's breach-of-contract claim.[1] Notwithstanding the defendant's attempt to establish that the California court lacked any personal jurisdiction over him, a Rhode Island Superior Court justice issued an order giving the judgment full faith and credit. The defendant now seeks redress on appeal. The parties' counsel eventually came before us pursuant to an order directing the defendant to show cause why this matter should not be disposed of summarily. Having considered his arguments, we perceive no cause and shall therefore proceed to consider the merits of his appeal at this time.

 If a defendant fails to appear after having been served with a complaint filed against him in another state and a default judgment is entered, he may "defeat subsequent enforcement in another forum" by showing that the judgment was "issued from a court lacking personal jurisdiction." *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir.1974); *accord Maryland Central Collection Unit v. Board of Regents for Education of the University of Rhode Island*, 529 A.2d 144, 152–53 (R.I. 1987) ("a state court must enforce and give effect to a judgment of a court of a sister state, provided, upon inquiry, the court is satisfied that its sister court properly exercised subject-matter and in personam jurisdiction"). However, the burden of overturning such a default judgment " 'rests heavily' " upon the attacker; and should the challenge to the original court's personal jurisdiction over the defendant fail, the "default judgment becomes no less final and determinative on the merits of the controversy" than a judgment entered after full trial. *Hazen Research, Inc.*, 497 F.2d at 154 (quoting *Williams v. North Carolina*, 325 U.S. 226, 234, 65 S.Ct. 1092, 1097, 89 L.Ed. 1577, 1584 (1945) and citing *Moyer v. Mathas*, 458 F.2d 431 (5th Cir.1972)); *see also* 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4430 at 292–93 n. 7 (1981).

 In an effort to scale this high rampart, defendant submitted an affidavit to the court below claiming that (1) he had never resided in California, (2) he had entered into the contract with plaintiff in his capacity as president of Kil–Mat, and (3) he had never submitted himself "as an individual to the jurisdiction of the courts of the State of California." However, we conclude that these general statements were insufficient for defendant to carry his burden of proof in establishing the California court's lack of personal jurisdiction over him as an individual.

---

1. The contract apparently contained a clause indicating that if a legal dispute arose between plaintiff and Kil–Mat, the proper venue would be California.

Like Rhode Island, *see* G.L.1956 § 9–5–33, California exercises personal jurisdiction over defendants "on any basis not inconsistent" with its constitution or with the Constitution of the United States. Cal.Civ.Proc. Code § 410.10 (West 1993). The touchstone is "whether the defendant had certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Seagate Technology v. A.J. Kogyo Co., Ltd.*, 219 Cal.App.3d 696, 700–01, 268 Cal.Rptr. 586, 588 (1990) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)) (internal quotations omitted). Consistent with these principles, California courts have held that an act taken by an out-of-state corporate officer "may subject the officer to in personam jurisdiction." *Id.* at 703, 268 Cal.Rptr. at 590. This act, however,

> "must be one for which the officer would be personally liable and * * * must in fact create contact between the officer and the forum state. (For example, no personal contact would result from doing nothing more than ratifying an act taken by the corporation or by another corporate officer.) If both requirements are met, the act may be considered in determining if the contacts between the individual and the state are substantial enough as to permit the state to exercise personal jurisdiction over the individual * * *." *Id.* at 703–04, 268 Cal.Rptr. at 590; *accord Taylor–Rush v. Multitech Corp.*, 217 Cal. App.3d 103, 114–18, 265 Cal.Rptr. 672, 677–80 (1990).

Our analysis of the limited record on appeal leads us to conclude that defendant has not made a sufficient showing of his actions in connection with the Video Products/Kil-Mat contract to justify upsetting the California judgment. Kilsey's minimalist and conclusory assertions that he neither resided in California nor intended to submit himself "as an individual" to California's jurisdiction do not preclude the very real possibility that he still engaged in acts from which a California court could properly conclude that it had personal jurisdiction over him. *See, e.g., Taylor–Rush*, 217 Cal.App.3d at 116, 265 Cal. Rptr. at 679 (in a suit involving, inter alia, fraud and breach of contract the court had personal jurisdiction over out-of-state corporate officers who were the " 'primary participants' " in negotiating a contract and were the " 'primary participants in an alleged wrongdoing intentionally directed at a California resident' ").

Although we, like the motion justice, have only a copy of the California judgment before us, it is possible that plaintiff alleged in its California complaint facts similar to those set forth in *Taylor–Rush* or claimed that defendant had personally guaranteed the contract and/or that Kil–Mat lacked sufficient assets to respond and was merely a shell to be used by defendant for his own benefit. In any of these scenarios, personal jurisdiction may be established over an individual corporate agent as well as the corporation. *See, e.g., Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 903 (2d Cir.1981) (a corporate employee acting in his or her interest rather than that of the corporation is not protected by a fiduciary shield since it is equitable that self-interested actions be considered and be treated as a predicate for the exercise of personal jurisdiction); *id.* ("[i]f the corporation is merely a shell, it is equitable, even if the shell may not have been used to perpetrate a fraud, to subject its owner personally to the court's jurisdiction to defend the acts he [or she] has done on behalf of his [or her] shell"); *see generally* Thomas H. Sponsler, *Jurisdiction over the Corporate Agent: The Fiduciary Shield*, 35 Wash. & Lee L.Rev. 349, 359–60 (1978) ("Courts * * * have expressed a willingness to disregard the corporate form and reach the corporate officer * * * on the theory that the individual defendant is the alter ego of the corporation. Thus, * * * if the individual's actions partake of fraud or are otherwise criminal, or if they serve * * * personal interests as distinct from those of the corporation, [a] court may be willing to disregard the fiduciary shield"); 4 Wright & Miller, *Federal Practice and Procedure* § 1069 at 372–74 (2d ed. 1987) ("if the corporation is not a viable one and the individuals in fact are conducting

personal activities and using the corporate form as a shield, a court may pierce the corporate veil and permit the assertion of personal jurisdiction over the individuals").

It also appears that the defendant ran Kil-Mat for a period while its corporate charter had been revoked, thus exposing himself to personal liability. *See* G.L.1956 § 7–1.1–136 ("[a]ll persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof"). Although we have no way of knowing Kil–Mat's true financial condition or what sales occurred during the revocation of its charter, we are inclined to resolve these issues against the defendant since he had the burden of establishing the lack of personal jurisdiction.

Given the limited record presented by the defendant, we cannot fault the motion justice's decision to give the California judgment full faith and credit. Accordingly, we deny and dismiss the defendant's appeal, affirm the motion justice's order, and remand the papers in the case to the Superior Court.

MURRAY and LEDERBERG, JJ., not participating.