**C & J LEASING CORP., an Iowa Corporation**

v.

**Anthony PAOLINO.**

**No. 97–516–Appeal.**

Supreme Court of Rhode Island.

Nov. 20, 1998.

Marc D. Wallick, Warwick, for plaintiff.

Michael J. Lepizzera, Abraham J. Badway, Providence, for defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument November 2, 1998, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, an Iowa Corporation, financed the purchase of certain equipment acquired by the defendant, a resident of Rhode Island. The plaintiff brought suit against defendant in the Iowa District Court in Polk County seeking damages for breach of contract. The defendant failed to answer or appear in response to the suit and consequently, the Iowa court entered a default judgment against him. The Iowa court then scheduled a hearing on damages. The defendant appeared through counsel and requested a change of venue on the ground of forum non conveniens. The Iowa court denied defendant's request and issued an order setting the hearing on damages at a later date. That order provided that defendant could participate in the hearing telephonically. At the hearing on damages, however, defendant did not appear either personally or telephonically. As a result, the Iowa court entered judgment for plaintiff in the amount of $46,-170.10 plus attorney's fees and costs.

Thereafter, plaintiff filed a complaint in the Providence County Superior Court seeking to enforce the Iowa judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. See G.L.1956 chapter 32 of title 9. The defendant, in his answer, asserted that the Iowa judgment was void because the Iowa court did not have subject matter jurisdiction over the dispute or personal jurisdiction over him. Plaintiff filed a motion for summary judgment and, after a hearing thereon, the trial justice granted summary judgment in favor of plaintiff. On appeal, defendant challenges the trial justice's grant of summary judgment regarding personal jurisdiction, but does not challenge subject matter jurisdiction.

In review of the granting of a motion for summary judgment, this Court applies the same rules and analysis as those applied by the trial justice. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996). "Accordingly, if our review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and if we conclude that the moving party is entitled to judgment as a matter of law, we shall sustain the trial justice's granting of summary judgment." *Id.*

In the case at bar, the trial justice granted summary judgment based on the determination that defendant waived the issue of personal jurisdiction by appearing af-

ter the entry of default to assert the claim of forum non conveniens. Under then-existing Iowa law, the defense of lack of personal jurisdiction could be asserted by pre-answer motion, in the answer, or in an amendment to the answer. Iowa R.Civ.P. 66.[1] The defendant, however, never bothered to submit an answer either to the complaint or at the final hearing on damages. Rather, after the Iowa court entered default and proceeded to decide damages, defendant awakened and hurriedly asserted a claim of forum non conveniens. The defendant did not question personal jurisdiction. As the trial justice properly concluded, defendant, by asserting this issue, consented to the jurisdiction of the Iowa court by essentially requesting that the Iowa court make the discretionary determination that it would be more convenient to try the case in Rhode Island. *See BancOhio National Bank v. Mager,* 47 Ohio App.3d 97, 547 N.E.2d 383 (1988) (filing of motion for change of venue constituted appearance for purposes of default judgment). Therefore, no genuine issues of material facts existed and the trial justice properly granted judgment as a matter of law.

■ While we agree with the rationale espoused by the trial justice, this Court also may affirm the judgment of the Superior Court on any other ground without rejecting the rationale actually relied on by the Superior Court to justify its ruling. *O'Connell v. Bruce,* 710 A.2d 674, 675 n. 2 (R.I.1998); *State v. Nordstrom,* 529 A.2d 107, 111–12 (R.I.1987). This Court has stated that "[i]f a defendant fails to appear after having been served with a complaint filed against him in another state and a default judgment is entered, he may 'defeat subsequent enforcement in another forum' by showing that the judgment was 'issued from a court lacking personal jurisdiction.'" *Video Products Distributors, Inc. v. Kilsey,* 682 A.2d 1381, 1382 (R.I.1996) (quoting in part *Hazen Research, Inc. v. Omega Minerals, Inc.,* 497 F.2d 151, 154 (5th Cir.1974)). "However, the burden of overturning such a default judgment 'rests

heavily' upon the attacker." *Id.* (quoting *Hazen Research, Inc.,* 497 F.2d at 154).

■ In the instant case, the parties executed a lease, the terms and conditions of which clearly provided that the lease "was made in the state of Iowa (venue shall be proper in Polk County, Iowa) and is to be performed in the state of Iowa by reason in part of the payments required to be made to the [plaintiff] in Iowa." The lease further provided that "all rights and liabilities of the parties hereto, shall be determined and governed as to validity, interpretation, enforcement and effect by the laws of the state of Iowa * * * ." Under this state's law, "a party who signs an instrument manifests his assent to it and cannot later complain that he did not read the instrument or that he did not understand its contents." *F.D. McKendall Lumber Co. v. Kalian,* 425 A.2d 515, 518 (R.I.1981). These facts are more than sufficient to support the express finding of personal jurisdiction by the Iowa court. Consequently, defendant has not met the heavy burden required to succeed in his collateral attack.

For the reasons stated, the defendant's appeal is denied, and the judgment of the trial justice is affirmed.

---

1. Rule 66 of the Iowa Rules of Civil Procedure was redesignated as part of Rule 88, effective

January 24, 1998.