The parties were divorced November 13, 1985, in Lawrence County, Ohio. At that time, a support order was entered in the amount of $400 per month for the two children, Randy Jo Gabehart (born August 28, 1981) and Travis Tyler Gabehart (born February 25, 1983). On March 19, 1998, the Lawrence County Child Support Enforcement Agency (CSEA) filed a motion with the lower court seeking to have the child support arrearage reduced to judgment. The matter was set for hearing before the magistrate on April 22, 1998. The appellant telephoned the CSEA two days before the hearing stating that he would not be at the hearing. He did not request a continuance from the court, nor did he contact the court for any other purpose prior to the April 22, 1998 hearing.
The CSEA attorney and appellee Nichols appeared at the hearing, but the appellant did not appear. The magistrate granted judgment for the appellee in the amount of $57,783.44, issuing his decision on April 27, 1998. The appellant filed objections to the decision of the magistrate on May 4, 1998.
The court set the matter for a hearing on the appellant's objections on June 3, 1998. Present were counsel for the CSEA and the appellant's counsel; however, the parties were not present. The trial court overruled the appellant's objections on June 9, 1998, and the appellant filed his notice of appeal on July 1, 1998.
The appellant raises one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO PLAINTIFF WHEN NO EVIDENCE WAS ADDUCED IN SUPPORT OF THAT JUDGMENT.
 OPINION
Our standard of review in child support matters is abuse of discretion, Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028, 1030, State ex rel. Scioto County CSEA v. Gardner
(1996), 113 Ohio App.3d 46, 52, 680 N.E.2d 221, 225. A trial court will not be found to have abused its discretion unless its decision involves more than an error in judgment and can be characterized as unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1989), 5 Ohio St.3d 217, 219,440 N.E.2d 1140, 1142.
The trial court has continuing jurisdiction to enforce its prior orders for support. Civ.R. 75(J), Blake v. Heistan
(1994), 99 Ohio App.3d 84, 649 N.E.2d 1304. This jurisdiction must be invoked by filing a motion in the original action and serving it upon the adverse party, in accordance with Civ.R. 4 through 4.6. Appellant raised the issue of adequacy of service below, and the trial court overruled his objections. He did not raise this issue on appeal, so we may consider, for purposes of our discussion, that he had proper notice of the hearing before the magistrate, and that the continuing jurisdiction of the court had been properly invoked.
Appellant argues that he called the CSEA two days before the hearing and made his "appearance" in this matter. Therefore, continues the appellant, it is an abuse of discretion for the trial court to enter default judgment against him without requiring evidence to be submitted, and without requiring that he be given proper notice of the default judgment. See Civ.R. 55 and Standard Oil Co. v. Noble (1982), 4 Ohio App.3d 76,446 N.E.2d 816. Appellant argues that the appellee is not entitled to a "default judgment" despite his failure to appear because of his "appearance" in the matter (by calling the CSEA).
Appellant concedes in his brief that Civ.R. 55 does not apply to domestic relations matters. Appellee CSEA argues as well that the magistrate did not grant a default judgment.
The proceedings below are entitled to a presumption of regularity, Hartt v. Munobe (1993), 67 Ohio St.3d 3, at 7,615 N.E.2d 617, 621. Nowhere in the magistrate's decision is there a reference to a "default judgment"; instead his decision merely recites that the appellant was properly served and failed to appear, rendering judgment for the appellee. We must conclude that the hearing on April 22, 1998, was an "ex parte" trial. See Ohio Valley Radiology Assoc., Inc. v. Ohio ValleyHospital Association (1986), 28 Ohio St.3d 118, 502 N.E.2d 599. Since Civ.R. 55 did not apply in the proceeding below, it was not an abuse of discretion for the magistrate to proceed with an ex parte trial in the absence of the appellant.
The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires affirmative proof of theessential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof. This is because ex parte
trials, when properly conducted, are truly trials in the sense of the definition contained in R.C. 2311.01. That is, they are 'judicial examinations of the issues whether of law or of fact, in an action or proceeding.' Ohio Valley at 122. [emphasis to "ex parte" in the original, separate emphasis added]
Appellant argues that the trial court abused its discretion by approving the decision of the magistrate without requiring the appellees to prove their claim. Initially we must note the record as forwarded to us from the trial court did not contain a transcript of the April 22, 1998 hearing before the magistrate. It is the duty of the appellant to insure the record is complete. Otherwise, absent any transcript or statement of evidence we must presume the regularity of the proceedings below. See Knapp v. Edwards Laboratories (1980),61 Ohio St.3d 197, 400 N.E.2d 384. This duty includes the obligation to confirm that all transcripts have been included in the trial court's record. However, appellant has supplemented the record with a transcript of that hearing; and, on review of that transcript, we must agree with the appellant's sole assignment of error.
A party whose opponent fails to appear for trial must prove his case even in the absence of the opposing party, OhioValley, at 122. The CSEA's March 19, 1998 motion for judgment on child support arrears merely referred to agency records in setting forth the claim for judgment. A better practice would have been for the appellee to attach an affidavit from the agency accountant or records custodian attesting to the accuracy of those records. Absent any other evidence, such an affidavit might have been enough to support the judgment awarded here. See Minolta Corporation v. Kreais (Mar. 28 1997), Wyandot App. No. 16-96-9, unreported. From the transcript of the April 22, 1998 hearing we find that appellee Nichols was present, and appellee CSEA apparently had records available showing appellant's non-payment of support. Yet no witnesses were sworn, no proper testimony placed on the record, or any exhibits offered as evidence at this hearing.
The appellant timely filed objections to the magistrate's decision and included with his objections the transcript of the magistrate's hearing and a memorandum in support of his request for a new hearing on the matter. Where objections are based on the manifest weight of the evidence, the judge must review the transcript before ruling upon those objections. See In reMoorehead (1991), 75 Ohio App.3d 711, 720, 600 N.E.2d 778, 784.
The trial court took the additional step of conducting a hearing on the objections but adopted the decision of the magistrate without further evidence being submitted. Civ.R. 53(E)(4)(b) provides that "upon consideration of any objections, the [trial] court may adopt, reject, or modify the magistrate's decision * * *. However, the trial court has the "ultimate authority and responsibility over the [magistrate's] findings and rulings." Hartt, supra. As the ultimate fact finder, the trial court determines "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." Inman v. Inman (1995), 101 Ohio App.3d 115,118, 655 N.E.2d 199, 201. See Normandy Place Assoc. v. Beyer
(1982), 2 Ohio St.3d 102, 443 N.E.2d 161.
The record discloses no evidence to support the trial court's judgment against the appellant, as a result of that court's adoption of the decision of the magistrate. Since no sworn testimony, nor any other evidence, was taken by the magistrate to support his decision, and since the court below took no additional evidence to support its adoption of that magistrate's decision, we must conclude that adoption of the magistrate's decision by the trial court over the objections of the appellant, constitutes an abuse of discretion. Accordingly, we reverse the judgment entered by the trial court and remand this case for a new hearing consistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for a new hearing and that Appellant recover of Appellee costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.:
Concur in Judgment and Opinion.
For the Court
 By: ___________________________ David T. Evans, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.