OPINION
This appeal arises out of a Complaint filed on August 6, 1998, by Plaintiff-Appellee, Hyway Logistics Services, Inc., in the Findlay Municipal Court, wherein Defendant-Appellant, Rodney Ashcraft, and his brother, Gene Ashcraft, were named as defendants. Plaintiff-Appellee sought to recover $3,286.00 allegedly due and owing on an account for brokering freight services for Gene Ashcraft.
On October 1, 1998, Plaintiff-Appellee filed a Motion for Judgment and for Default Judgment. On October 2, 1998, the Findlay Municipal Court granted Plaintiff-Appellee's Motion for Default Judgment and found that Defendant-Appellant and his brother were jointly and severally liable in the amount of $3,286.00. On October 23, 1998, Plaintiff-Appellee successfully attached Defendant-Appellant's savings account and the judgment was thereafter satisfied in full. On November 24, 1998, Plaintiff-Appellee filed a Notice of Dismissal and Satisfaction of Judgment, thereby dismissing Defendant-Appellant and his brother.
Also on November 24, 1998, pursuant to Civ.R. 60(B), Defendant-Appellant filed a Motion to vacate and set aside the Default Judgment. In his Motion, Defendant-Appellant alleged that he made an appearance in the case and was therefore entitled to notice at least seven days prior to the hearing on Plaintiff-Appellee's Motion for Default Judgment and, because he was not given appropriate notice, his 60(B) Motion must therefore be granted. On August 4, 1999, the Findlay Municipal Court entered judgment finding, inter alia, that Defendant-Appellant had not made an appearance sufficient to require notice prior to the hearing on Plaintiff-Appellee's Motion for Default Judgment.
It is from the judgment of the Findlay Municipal Court finding that he had not made an appearance for Civ.R. 55 purposes and denying his Civ.R. 60(B) Motion that Defendant-Appellant now appeals, prosecuting two assignments of error.
 Assignment of Error Number One The trial court erred to the prejudice of Defendant-Appellant, Rodney Ashcraft, when the court ruled that Defendant-Appellant, Rodney Ashcraft, did not make an appearance which would require a seven-day written notice prior to hearing on Plaintiff-Appellee's Motion for Default Judgment, pursuant to Rule 55 of the Ohio Rules of Civil procedure.
In his first assignment of error, Defendant-Appellant submits that he was entitled to notice of the default judgment hearing under Civ.R. 55(A) since he had made an "appearance" in the case. Defendant-Appellant claims that a June 6, 1998, letter and a telephone call allegedly made on August 27, 1998, both directed to Plaintiff-Appellee's counsel, constitute an "appearance" for purposes of Civ.R. 55, thereby entitling Defendant-Appellant to the seven-day notice required under Civ.R. 55(A).
Civ.R. 55(A) provides in part that "* * * [i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." By its plain language, this rule prohibits the entry of a default judgment against a party who has "appeared" in the action unless written notice of the application for default is first served at least seven days prior to the hearing on such application. An application for a default judgment is erroneously granted and such error constitutes grounds for relief under Civ.R. 60(B) when a party against whom judgment by default is sought has "appeared in the action" and is not served with written notice of the application for judgment at least seven days prior to the hearing on such application. Std. Oil Co. v. Noble (1982),4 Ohio App.3d 76, 446 N.E.2d 816;AMCA Internatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88,461 N.E.2d 1282; Banc Ohio Natl. Bank v. Mager
(1988), 47 Ohio App.3d 97, 547 N.E.2d 383; RiesFlooring Co. v. Dileno Constr. Co. (1977), 53 Ohio App.2d 255,373 N.E.2d 1266. This rule applies only to parties who have "appeared" in the action.
Clearly, if Defendant-Appellant had appeared in the action, the failure to give notice of the hearing would be sufficient grounds to support a Civ.R. 60(B) Motion. This court must therefore determine whether Defendant-Appellant "appeared in this action" so as to trigger the seven-day notice requirement set forth in Civ.R. 55(A).
Courts of this state, in construing the notice provisions of Civ.R. 55(A), have liberally interpreted the term "appeared." See, e.g., AMCA Internatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88,461 N.E.2d 1282 (filing notice of appeal with the common pleas court pursuant to R.C. § 4123.51.9 constitutes appearance); Suki v.Blume (1983), 9 Ohio App.3d 289, 459 N.E.2d 1311 (filing untimely answer without leave of court constitutes an appearance);Gagliardi v. Flowers (1984), 13 Ohio App.3d 238, 468 N.E.2d 933, and Hardware Supply Co. v. Edward Davidson, M.D., Inc. (1985),23 Ohio App.3d 145, 492 N.E.2d 168 (filing of motion to file answer instanter or motion for extension to plead constitutes appearance). As the term is commonly understood, an appearance generally implies some sort of presentation or submission to the court in which the action is pending. However, the term is not necessarily limited to formal appearances and submissions. It may be reasonably construed to reach informal contacts or correspondence between the parties or the court that serve the same purpose.
Federal courts have similarly broadly construed the analogous federal rule to include informal contacts between the parties that indicate a clear purpose to defend the suit. See, Segars v.Hagerman (N.D.Miss. 1983), 99 F.R.D. 274; Noland v. Williamson
(S.D.Ohio 1988), 94 B.R. 958; Gulf Maintenance Supply, Inc. v.Barnett Bank of Tallahassee (Fla.App. 1989), 543 So.2d 813;Simonson v. Sittner (N.D. 1957), 82 N.W.2d 78.H.F. Livermore Corp.v. Aktiengesellschaft Gebruder Loepfe (C.A.D.C. 1970),432 F.2d 689; 691; Muniz v. Vidal (C.A.1, 1984), 739 F.2d 699, 700;Lutomski v. Panther Valley Coin Exchange (C.A.6, 1981),653 F.2d 270, 271; Charlton L. Davis Co. v. Fedder Data Center (C.A.5, 1977), 556 F.2d 308, 309; Dalminter, Inc. v. Jessie Edwards, Inc. (D.C.Tex. 1961), 27 F.R.D. 491. AMCA and those federal cases upon which it relies support the proposition that a party "appears in the action," and is thus entitled to notice of the application for default judgment, when that party clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made, particularly when the contact is of an informal nature.
We are aware of those cases wherein respective Ohio courts have concluded that a telephone call is sufficient to satisfy the appearance requirement of Civ.R. 55. See, e.g., AMCA Internatl.Corp. v. Carlton (1984), 10 Ohio St.3d 88; Baines v. Harwood
(1993), 87 Ohio App.3d 345; Miamisburg Motel v. Huntington Natl.Bank (1993), 88 Ohio App.3d 117. An overriding and dispositive concern in each of these cases was whether the communication between parties or counsel, via telephone calls or otherwise, demonstrated a clear intent to defend a suit. These cases do not stand for the principle that any telephone conversation constitutes an appearance so long as the subject matter of the pending litigation is discussed, however cursorily.
We note that it is within the sound discretion of the trial court to decide whether to grant a motion for relief from judgment, and in the absence of a clear showing of abuse of discretion, the decision of the trial court will not be disturbed on appeal. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122, 1124; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,102, 316 N.E.2d 469, 474. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Hopkins v.Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, 581,607 N.E.2d 914, 916. After a thorough review of the record, we are persuaded that the trial court did not abuse its discretion.
The June 6, 1998, letter sent from Defendant-Appellant to Mr. Cliffe, Plaintiff-Appellee's attorney, indicated only Defendant-Appellant's belief that his brother, Gene Ashcraft, was the individual responsible for the bill. We note that the letter was sent two months before Plaintiff-Appellee filed its Complaint of August 6, 1998. Defendant-Appellant has failed to direct us to any authority holding that communications made prior to the initiation of a lawsuit can satisfy the appearance requirement of Civ.R. 55(A). On the contrary, our reading of the relevant case law reveals those communications alleged to satisfy the appearance requirement occur after the commencement of the suit. Consequently, in our view, for purposes of Civ.R. 55(A), this letter was not a manifestation by Defendant-Appellant of his intention to defend a suit that was not yet in existence.
At the January 11, 1999, hearing on Defendant-Appellant's Motion for Relief from Judgment, Defendant-Appellant testified that on the day he received a copy of the Complaint, approximately August 27, 1998, he telephoned Mr. Cliffe. (Transcript, pg. 12, 18-23). Defendant-Appellant testified that during the conversation he reasserted to Mr. Cliffe that he was not responsible for the bill. Id. Defendant-Appellant further testified that Mr. Cliffe responded by indicating that the suit would go no further and Defendant-Appellant therefore "assumed at that point that it was over." Id. Conversely, Mr. Cliffe testified that after the Complaint was filed he did not have any conversation with Defendant-Appellant until October 6, 1998, approximately four days after Plaintiff-Appellee's Motion for Judgment and Default Judgment had been entered. (Transcript, pg. 29).
The affidavit filed by Defendant-Appellant with his Motion to Vacate or Set Aside the Default Judgment states, inter alia, that he made a telephone call to Mr. Cliffe wherein Defendant-Appellant stated that he was not in any way liable for the debt owed to Plaintiff. (Affidavit of Road Ashcraft, pgs. 1-2). Defendant-Appellant further averred that he was "lead [sic] to believe that Plaintiff would pursue my brother, not me, to collect the amount allegedly owed." (Affidavit of Rod Ashcraft, pg. 2). Defendant-Appellant stated: "[a]s a result of being lead [sic] to believe collection of the alleged debt would be resolved between my brother and Plaintiff, I felt no need to obtain an attorney and respond to the Complaint." Id.
The trial court considered whether the conversation between Defendant-Appellant and Mr. Cliffe took place on August 27, 1998, or October 6 of that same year. In the trial court's ultimate determination, even if the conversation did take place on August 27, 1998, the content of the conversation alleged by Defendant-Appellant was insufficient to serve as an appearance for Rule 55 purposes. The court concluded as follows:
 * * *[T]he Defendant may have made telephone contact with Plaintiff's counsel, but there was no indication during the telephone communication that Defendant Rod Ashcraft intended to enter a formal appearance in the lawsuit, nor in any way intended to present a defense as to the lawsuit. The telephone contact with Plaintiff's attorney was in the nature of a protest of Plaintiff's counsel's decision to go forward with the legal proceeding, as opposed to an indication that the Defendant intended to file a formal appearance or to defend the lawsuit. Further, Defendant Rod Ashcraft did not indicate that he would take any action to attempt to resolve the dispute. The Court therefore finds that the telephone conversation between the Defendant and Plaintiff's counsel does not rise to the level of an appearance for the purpose of Rule 55. Therefore, a seven-day written notice of hearing prior to the granting of a Default Judgment is and was not required. (Judgment Entry, pgs. 2-3)
We agree with the trial court. Although Defendant-Appellant's affidavit and testimony, if believed, clearly indicate his belief that he was not liable for the debt, Defendant-Appellant never manifested an intent or purpose to defend or otherwise contest the suit. In fact, according to Defendant-Appellant's own averments, he believed it was unnecessary for him to respond to the Complaint. Thus, even if we follow the line of cases holding that under certain circumstances a telephone conversation may constitute an appearance for Civ.R. 55 purposes, we must still conclude that the telephone call allegedly made on the day Defendant-Appellant received notice of the Complaint is not an appearance so as to require notice seven days prior to the hearing wherein the trial court granted a Default Judgment.
Because Defendant-Appellant did not make an appearance sufficient to trigger the notification provision in Civ.R. 55, he was not entitled to notice seven days prior to the hearing on Plaintiff-Appellee's Motion for Default Judgment. Accordingly, Defendant-Appellant's First Assignment of Error is overruled.
 Assignment of Error Number Two The trial court erred to the prejudice of Defendant-Appellant, Rodney Ashcraft, when the court overruled his Motion for Relief from Judgment Pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure as the evidence supported a finding of excusable neglect by Defendant-Appellant, Rodney Ashcraft.
In this Second Assignment of Error, Defendant-Appellant maintains essentially that the trial court abused its discretion in overruling his motion for relief from judgment. The elements necessary to entitle one to relief from judgment are set forth inGTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The only grounds advanced by Defendant-Appellant in support of his motion and this appeal are that he made an appearance in the case sufficient to satisfy Civ.R. 55 and that the law generally disfavors default judgment. We held above that Defendant-Appellant did not make an appearance sufficient to trigger the notification provision of Civ.R. 55. While we agree that the general policy in Ohio is to decide cases on their merits when possible, whenever a default judgment has been properly entered and an aggrieved party fails to allege sufficient grounds to support a motion for relief from that judgment, the preference for adjudication on the merits certainly does not require that a properly entered default judgment be reversed or otherwise set aside. Because Defendant-Appellant has failed to advance any other grounds sufficient to support the motion brought pursuant to Civ.R. 60(B), the trial court did not abuse its discretion when overruling Defendant-Appellant's Civ.R. 60(B) motion. Accordingly, Defendant-Appellant's Second Assignment of Error is overruled.
We note that in its Judgment Entry denying Defendant-Appellant's Motion, the trial court found that Defendant-Appellant was aware that there was a dispute between himself, Gene Ashcraft, and Plaintiff-Appellee over who was responsible for the charges and that there were ongoing negotiations between Gene Ashcraft and Plaintiff-Appellee. The trial court therefore concluded that the assertion by Defendant-Appellant that Plaintiff-Appellee was going to proceed only against his brother and co-defendant, Gene Ashcraft, was not well founded nor supported by the conduct of the Plaintiff-Appellee. The trial court ultimately found that Defendant-Appellant's failure to file an Answer could not therefore be considered to be "excusable neglect".
In this appeal, Defendant-Appellant does not argue in the alternative that if he did not make an appearance for Civ.R. 55 purposes then his failure to file an Answer was excusable neglect. While one may assert that implicit in the argument concerning making an appearance in the case is the assertion that if he did not make an appearance then his failure to answer the complaint was excusable neglect, we feel it is unnecessary to speculate as to potential alternative arguments that Defendant-Appellant could have made. In support of Assignment of Error Number Two, Defendant-Appellant merely "restates his argument contained in his first Assignment of Error as if same were fully rewritten herein" and he adds "Ohio law disfavors default judgments . . ." (Appellant's Brief, pg. 6). Nowhere in his brief does Defendant-Appellant argue that his conduct amounted to excusable neglect. In fact, nowhere in his brief does Defendant-Appellant cite or otherwise refer to any of the very specific grounds stated in Civ.R. 60(B)(1) through (5).
Finding no error prejudicial to Defendant-Appellant, in the particulars assigned and argued, we affirm the judgment of the Municipal Court of Findlay.
Judgment affirmed.
HADLEY, P.J., concurs.
SHAW, J., dissents.