DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Robert Caravona has appealed from a decision of the Cuyahoga Falls Municipal Court that granted Plaintiff-Appellee Windy Hills Hardwoods, Inc.'s motion for default judgment. This Court reverses and remands for further proceedings consistent with this opinion.
 I {¶ 2} On April 11, 2003, Appellee filed a complaint against Appellant asserting that between March 21, 2002, and May 28, 2002, Appellee delivered various goods to Appellant for use in the construction of homes. Appellee alleged that the price of the goods delivered to Appellant totaled $10,801.43. Appellee further alleged that Appellant failed to pay for the goods and it requested damages in the amount of $10,801.43, plus interest.
 {¶ 3} On May 22, 2003, Appellant filed a motion for enlargement of time, wherein he requested the trial court to issue an order enlarging the period of time within which Appellant could answer Appellee's complaint.[1] Appellant failed to file an answer, or other pleading, within the time allowed. On July 16, 2003, Appellant filed a motion for leave to plead. In the motion, Appellant requested leave to file his answer instanter on the ground that "[t]hrough excusable oversight the Answer was not filed."[2]
 {¶ 4} Prior to the filing of Appellant's motion for leave to plead, Appellee filed a motion for default judgment, wherein the company requested a default judgment against Appellant in the principal amount of $10,801.43. The trial court granted the motion on July 16, 2003, and entered default judgment against Appellant in the amount of $10,801.43, plus interest.
 {¶ 5} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
"The trial court erred and abused its discretion and violated appellant's rights to due process by failing to issue notice of a default hearing, and failing even to conduct a default hearing after appellant made an appearance in the action prior to entering a default judgment in violation of [Civ.r. 55(A)]."
 {¶ 6} In Appellant's sole assignment of error, he has argued that the trial court abused its discretion when it granted Appellee's motion for default judgment without holding a hearing and providing notice of a hearing. This Court agrees.
 {¶ 7} As an initial matter, this Court notes that "Ohio law does not favor default judgments, and any doubt concerning the validity of such judgments should be resolved by vacating the judgment so that the case can proceed on its merits." NamacoIndus. v. Famous Brands Mattress (June 7, 1994), 10th Dist. No. 93APG10-1456, 1994 Ohio App. LEXIS 2494, at * 4, citing GMAC v.Deskins (1984) 16 Ohio App.3d 132, paragraph one of the syllabus. A motion for default judgment is governed by Civ.R. 55(A), which states in pertinent part:
"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.] If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 8} "The clear meaning of Civ.R. 55(A) is that, where the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heard ex parte
but, instead, can be determined only after a hearing of which seven days' advance notice is given." (Emphasis sic.) Breedingv. Herberger (1982), 81 Ohio App.3d 419, 422. If, however, the defendant has not made an appearance, the defendant is not entitled to seven days notice before default judgment is entered against the defendant. Jenkins v. Clark (1982),7 Ohio App.3d 93, 95, citing Sexton v. Sugar Creek Packing Co. (1974),37 Ohio St.2d 58; see, also, Carpenter v. Gibson (July 15, 1999), 10th Dist. No. 98AP-1327, 1999 Ohio App. LEXIS 3358, at *4, citing Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380, 389-390.
 {¶ 9} In the case sub judice, Appellant filed both a motion for enlargement of time and a motion for leave to plead. By filing such motions, Appellant effectively "appeared" in the action. See Standard Oil v. Noble (1982), 4 Ohio App.3d 76, 76;Bank of N.Y. v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 9. Because Appellant appeared in the action, he was entitled to be served with written notice of the application for judgment at least seven days prior to the hearing on such application. Civ.R. 55(A); Standard Oil, 4 Ohio App.3d at 76; Smith, 2003-Ohio-4633, at ¶ 11. The record reveals that the motion for default judgment was filed on July 14, 2003, and the motion was granted two days later. The application of Appellee for default judgment indicates that the motion was mailed to Appellant by ordinary U.S. mail on July 11, 2003. It is evident that Appellant was not afforded the required seven days notice before the trial court ruled on the motion for default judgment, which is in contravention to the notice requirements contained in Civ.R. 55(A). Consequently, we find that the trial court failed to comply with Civ.R.55(A) and that it therefore erred in granting Appellee's motion for default judgment. See Smith, 2003-Ohio-4633, at ¶ 11; Young v. Michaelson, 5th Dist. No. 2003CA00228, 2004-Ohio-607, at ¶ 17-18. Appellant's assignment of error has merit.
 III {¶ 10} Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and caused remanded.
CAR, P.J., BATCHELDER, J. CONCUR.
[1] The record does not indicate that the motion was expressly granted by the trial court although Appellant in his brief contends that the trial court granted the motion for an additional thirty days. Cuyahoga Falls Municipal Court Rule No. 14, provides: "In all civil cases a party may obtain one automatic leave to move or plead by certifying to the Clerk or by motion and order, stating the he or she has had no previous leave in that case. Such leave may not exceed twenty-one (21) days." Therefore, pursuant to the court's Rule No. 14, Appellant's motion for enlargement of time was automatically granted despite the absence of a journal entry indicating the same. This Court further notes that Appellant requested more time to file an answer than allowed by the court's Rule No. 14, which allows only an additional 21 days within which a party may file an answer or other pleading.
[2] Although a judgment entry is not contained in the record, the transcript of the docket and a scribbled notation at the corner of Appellant's motion stating "7/21/03 denied as untimely" indicate that the motion was denied. In any event, because "[a]n express statement granting Appellant's motion for leave to file is not in the record * * * the motion is presumed to have been overruled." Eady v. East Ohio Gas (May 10, 2000), 9th Dist. No. 19598, at 4, appeal not allowed (2000), 90 Ohio St.3d 1414, citing Maust v. Palmer (1994), 94 Ohio App.3d 764, 769.