OPINION
{¶ 1} Plaintiff-appellant, Manheim Automotive Financial Services, Inc. ("Manheim"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing Manheim's claims against defendant-appellee, WW Auto. Defendant-appellant, Loretta Miklos, has filed a separate notice of appeal from a different judgment of the trial court in the same case granting default judgment against her in favor of Manheim. We have consolidated the two appeals for argument and disposition.
 {¶ 2} Manheim provides inventory financing, commonly called "floor planning," to motor vehicle dealers. Defendant E.M. Sales, Inc. ("E.M. Sales"), which is not a party to this appeal, is a licensed motor vehicle dealer that had borrowed from Manheim for the purchase of its motor vehicle stock. Defendant Daniel Miklos, who is not a party to this appeal, was at relevant times the owner of E.M. Sales, Inc. His wife, Loretta Miklos, became a defendant as guarantor of the loan agreement, and his mother, Eleanor Miklos, was named as a defendant because of her receipt of certain allegedly fraudulent transfers of assets. WW Auto is a licensed auto dealer that, at times relevant to the action, did business at the same location as E.M. Sales.
 {¶ 3} Manheim initiated the action with a complaint asserting that E.M. Sales had knowingly written bad checks to Manheim, had transferred assets in an attempt to defraud Manheim, and had ultimately defaulted under the terms of its floor plan agreement. The complaint alleges that WW Auto is liable pursuant to R.C.4517.24, which requires auto dealers sharing the same physical business location to enter into a joint liability agreement for "any liability arising from their engaging in business at the same location."
 {¶ 4} Although the ensuing litigation, by virtue of involving multiple parties and claims, presents a fairly complex record, the present appeal involves only limited claims against certain defendants. Accordingly, only the two relevant judgments by the trial court will be summarized. These two judgments by the trial court address largely unrelated facts and legal issues, and the detailed procedural history relating to each will be developed separately as we address the two separate appeals.
 {¶ 5} The trial court granted default judgment to Manheim against Loretta Miklos based upon her failure to file a responsive answer or other responsive pleading to the claims alleged against her in Manheim's complaint. The trial court granted a motion to dismiss filed by WW Auto, finding that R.C.4517.24 would not impose liability upon WW Auto because, in order for WW Auto to be liable under the statute for the actions of E.M. Sales, Manheim must have alleged that WW Auto and E.M. Sales had engaged in business together and WW Auto had significant involvement in the actions giving rise to the claims in the complaint against the other defendants.
 {¶ 6} Manheim has timely appealed and brings the following assignment of error:
The trial court erred in granting defendant WW Auto's motion to dismiss.
 {¶ 7} Loretta Miklos has timely appealed and brings the following two assignments of error:
Assignment of error number 1.
The trial court abused its discretion in granting default judgment against defendant-appellant Loretta Miklos and in refusing to set aside the judgment.
Assignment of error number 2.
The trial court erred in granting judgment to plaintiff without a hearing and in granting judgment without a hearing on damages.
 {¶ 8} We will first address Manheim's assignment of error, which asserts that the trial court erred in granting WW Auto's motion to dismiss the matter pursuant to Civ.R. 12(B)(6) for failure to state a claim. When ruling upon a motion to dismiss for failure to state a claim, the court must presume that all the factual allegations of the complaint are true and draw all reasonable inferences in favor of the non-moving party. Mitchellv. Lawson Milk Co. (1998), 40 Ohio St.3d 190, 192. The court must not grant the motion unless "it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to discovery." O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242.
 {¶ 9} The statute under which Manheim sought to impose liability upon WW Auto, R.C. 4517.24, provided at the time relevant to this case as follows:
Dealers sharing business location; liabilities
No two motor vehicle dealers shall engage in business at the same location, unless they agree to be jointly, severally, and personally liable for any liability arising from their engaging in business at the same location. The agreement shall be filed with the motor vehicle dealers board, and shall also be made a part of the articles of incorporation of each such dealer filed with the secretary of state. Whenever the board has reason to believe that a dealer who has entered into such an agreement has revoked the agreement but continues to engage in business at the same location, the board shall revoke the dealer's license.
 {¶ 10} Manheim's complaint contained only one count setting forth a claim against WW Auto:
Count IV
59. Manheim incorporates by reference the allegations contained in paragraphs 1 through 58 of the Complaint as if fully rewritten herein.
60. E.M. Sales and WW Auto both engage in business at the same location, 2357 Harrisburg Pike, Grove City, Ohio 43123. Not only were E.M. Sales and WW Auto engaged in business at the same location, they transacted business between themselves and in the name of each other.
61. Pursuant to R.C. 4517.24, E.M. Sales and WW Auto must agree to be jointly, severally and personally liable for any liability arising from their engaging in business at the same location.
62. At all pertinent times set forth herein, E.M. Sales conducted business with Manheim while engaging in business at the same location as WW Auto.
63. WW Auto is jointly, severally and personally liable for any damages incurred by Manheim arising out of the clams set forth in this Complaint, as all such claims arose from the conduct of business between Manheim and E.M. Sales while E.M. Sales was engaged in business at the same location as WW Auto.
 {¶ 11} We find that the trial court did not err in dismissing this claim against WW Auto under Civ.R. 12(B)(6), although we affirm on somewhat different grounds than those set forth by the trial court. Whereas the trial court found that R.C. 4517.24
requires some degree of business participation by one dealer in the activities of the other in order for the otherwise non-liable dealer to be held jointly and severally liable for the conduct of another dealer at the same location, we find the dismissal was proper on the broader and more straightforward ground that R.C.4517.24 simply does not create a private right of action against a car dealer, but rather imposes a regulatory requirement upon auto dealers as a condition for maintenance of their motor vehicle dealer licenses. In so holding, we acknowledge that we disagree with some language, if not the express holding, in the only other reported case we have found addressing R.C. 4517.24,State ex rel Fisher v. Matusoff (Sept 29, 1995), Montgomery App. No. 14951. As that case made no examination of the question of when liability under this statute arises, we find it of no guidance in the matter before us.
 {¶ 12} "The first rule of statutory interpretation is to give effect to the plain meaning of the words employed in the statute." State ex rel. Ohio Dept. of Health v. Sowald (1992),65 Ohio St.3d 338, 342. It is clear from the language of R.C.4517.24 that the statute does not impose joint liability per se upon separately licensed auto dealers sharing a single location. Rather, the statute requires that motor vehicle dealers so situated must enter into a contractual agreement to be jointly, severally and personally liable, must file such an agreement with the Motor Vehicle Dealers Board, and must make such agreement part of the articles of incorporation of each dealer. The penalty for failure to comply with this provision is revocation of the auto dealer's license and, in later versions of the statute, criminal guilt for a misdemeanor of the fourth degree.
 {¶ 13} A plaintiff seeking to impose joint and several liability upon an auto dealer under such circumstances must look to the contractual agreement under which such joint and several liability arises, because the statute itself does not impose joint liability. The complaint in the present case does not reference such a contractual agreement, nor is a copy thereof attached to the complaint. There is only the barest indication in the record that such an agreement was, in fact, entered into, and the actual terms of the agreement are not demonstrated. Because Count IV of the complaint seeks to impose liability on WW Auto under a statute that does not provide for such liability, and the complaint fails to set forth any contractual or other basis for liability on the part of WW Auto, the complaint fails to state a claim upon which relief may be granted. We accordingly find that the trial court did not err in granting WW Auto's motion to dismiss the matter under Civ.R. 12(B)(6), although we do so under a somewhat different basis as set forth by the trial court. Because our decision is based solely upon the absence of liability under the statute itself, we specifically do not reach the question of what terms in the joint liability agreement the statute might require, and whether a joint liability agreement that imposed liability only for business jointly engaged in, rather than broadly upon the mere fact of co-tenancy, would satisfy the statute.
 {¶ 14} In accordance with the foregoing, Manheim's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas dismissing Manheim's claims against WW Auto is affirmed.
 {¶ 15} We now turn to the appeal of Loretta Miklos, whose two assignments of error assert, first, that the trial court erred in granting default judgment for Manheim against her, and in the alternative, if default judgment was properly granted on liability, that the court erred in failing to hold a hearing upon damages before entering final judgment.
 {¶ 16} The chronology of filings and entries in this case is somewhat atypical. Manheim commenced the action with a complaint filed on September 12, 2003. Loretta Miklos concedes that she was served on September 24, 2004. Loretta Miklos did not file an answer or other pleading, and Manheim accordingly moved for default judgment on November 6, 2003. The trial court granted default judgment on November 12, 2003. On November 21, 2003, Loretta Miklos filed her memorandum contra the motion for default judgment, a motion to file her answer instanter, and the proposed answer. On January 6, 2004, Loretta Miklos filed her motion to vacate default judgment pursuant to Civ.R. 60(B); Manheim opposed this motion to vacate by memorandum filed on January 23, 2004. The trial court vacated its prior default judgment by entry filed on April 5, 2004, on the basis that it had not considered Loretta Miklos' memorandum contra default judgment filed on November 21, 2003, despite the fact that this filing was made after the trial court had entered default judgment. The court's April 5, 2004 entry vacating default judgment stated that it "reactivated" Manheim's prior motion for default judgment. The trial court then, despite its prior vacation of its November 12, 2003 default judgment entry, overruled Loretta Miklos' motion for relief from default judgment, and again entered default judgment for Manheim as to liability only on June 10, 2004. Without holding a hearing, the trial court subsequently entered judgment on July 10, 2004 in favor of Manheim against Loretta Miklos and other defendants with a specified award of damages.
 {¶ 17} The above sequence of proceedings in the trial court relating to default judgment has understandably caused the parties to this appeal to argue various possible permutations of the status of the case in the trial court at pertinent times. Based upon our own review of the record in the matter of the timing of the filings above, we derive the following as the posture of the case at the time of appeal: (1) The trial court's initial grant of default judgment on November 12, 2003 was vacated by the trial court, more or less sua sponte, on April 5, 2004, and became a nullity; (2) Loretta Miklos' motion for relief from default judgment filed on January 6, 2004 addressed the November 12, 2003 entry and was mooted when the trial court vacated that entry; (3) the trial court's disposition of that motion was not relevant to the second entry granting default judgment, and (4) no further notice of hearing was given to Loretta Miklos between the April 5, 2004 judgment vacating the prior default judgment, and the subsequent June 10 and July 19, 2004 entries granting default judgment first on liability, then on damages.
 {¶ 18} In assessing the foregoing, we determine, first, that Loretta Miklos' first assignment of error, which asserts error in the trial court's denial of her motion for relief from judgment pursuant to Civ.R. 60(B), attempts to appeal from a denial of a motion that had become a nullity before the trial court superfluously denied it. Our review of this matter is on direct appeal from the later default judgment entries. Loretta Miklos' first assignment of error is accordingly overruled. Her second assignment of error, however, addresses the notice requirements necessary for default judgment either for liability or before granting damages, and has merit based upon our assessment of the procedural posture of the case.
 {¶ 19} Civ.R. 55(A), addressing default judgment, provides in pertinent part as follows:
* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *
 {¶ 20} Loc.R. 55.01 of the Franklin County Court of Common Pleas, General Division, further sets forth the type of notice required:
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the Civil Rules, the party entitled to a judgment by default shall promptly apply in writing or orally to the Trial Judge within 30 days after the date upon which the defaulting party should have pled or otherwise defended. * * * If the party against whom judgment by default is sought has appeared in the action, written notice of the hearing on the motion along with the date and time fixed by the Assignment Commissioner with the concurrence of the Trial Judge shall be served upon that party. * * *
 {¶ 21} The record in the present case reveals that the chronology of filings in the trial court does not satisfy the requirements of Civ.R. 55(A) and Loc.R. 55.01.
 {¶ 22} We will assume, arguendo, that the trial court's "reactivation" of the prior default judgment motion by Manheim, as stated in the court's April 5, 2004 judgment entry, served as written notice of the renewed application for default judgment. With this assumption, we find that notice was given at least seven days prior to the hearing on such application, satisfying the requirements of Civ.R. 55. It is apparent, however, that Loretta Miklos, who had entered numerous appearances by the time the trial court considered default judgment for the second time in the case, was entitled to the written notice on the hearing upon the default judgment motion, "along with the date and time fixed by the Assignment Commissioner with the concurrence of the trial judge." Loc.R. 51.01. The record reveals no such notice. A default judgment entered in violation of the applicable notice requirements may be voidable if justice requires. Lexus Nexus v.Robert Binns Assoc., Inc. (Dec. 1, 1998), Franklin App. No. 98AP-228; Bank Ohio Natl. Bank v. Mager (1988),47 Ohio App.3d 97. Given the circumstances of this case, which include Loretta Miklos' appearance in the matter after the court vacated the initial default judgment, and a convoluted procedural history preceding default judgment, imposition of default judgment in violation of Loc.R. 55.01 was not in the interests of justice. It may also be noted that the trial court did grant relief from default judgment to a third-party defendant in the case, KeyBank National Association, under circumstances no more harsh than those of Loretta Miklos. Loretta Miklos' second assignment of error is therefore sustained.
 {¶ 23} In summary, appellant Manheim's single assignment of error in its appeal from the trial court's dismissal of WW Auto is overruled, and that aspect of the trial court's judgment is affirmed. Appellant Loretta Miklos' first assignment of error is overruled, but her second assignment of error is sustained, and the trial court's grant of default judgment against Loretta Miklos in favor of Manheim is reversed. This matter is remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with the law and this opinion.
Affirmed in part, reversed in part, and cause remanded.
Bryant and Sadler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.