GAGLIARDI, D.B.A. JOHN DELFS SONS, APPELLEE, *v.* FLOWERS, APPELLANT.

(No. 3249—Decided January 3, 1984.)

*Mr. Richard Horning,* for appellee.
*Mr. David C. Mott,* for appellant.

FORD, J. Plaintiff-appellee, Leonard Gagliardi, d.b.a. John Delfs Sons, filed his complaint on August 23, 1978. Defendant-appellant, Roger Flowers, contends he first learned of the suit when he received notice from the court of common pleas to appear at a hearing on February 11, 1983. However, summons was issued by certified mail, by the clerk of courts, on August 23, 1978, and return receipt was received on August 29, 1978, with appellant's signature. No answer was filed by the appellant within the required time.

A hearing, at which appellant was present, was held on February 11, 1983. On that date, appellee filed a motion for default judgment pursuant to Civ. R. 55(A). The court continued the matter and reached no conclusions as to the motion for default.

Appellant, through counsel, requested leave to file an answer instanter, along with a request for production on March 7, 1983. On March 9, 1983, appellant's requests were denied and a default judgment against appellant was entered.

Appellant's counsel forwarded a motion to vacate judgment pursuant to Civ. R. 60 on March 25, 1983. That motion is not on the docket of the clerk of courts. However, a journal entry dated April 26, 1983 states that appellant's motion to vacate judgment was denied by the trial judge.

Appellee has not filed a brief in this court.

Appellant presents four assignments of error:

"1. The trial court erred and abused its discretion by granting Plaintiff's Application for Default Judgment, contrary to Rule 55(A) of the Ohio Rules of Civil Procedure, by failing to notify Defendant's counsel in writing at least 7 days prior to granting Plaintiff judgment on March 9, 1983.

"2. That the trial court erred and abused its discretion by failing to set the matter down for hearing on the issue of

damages after notice of Defendant's numerous defenses.

"3. [The] [t]rial court erred and abused its discretion by denying Defendant's motion for relief from judgment pursuant to Rule 60(A)(B)(1)(2)(3) [and] (5), since the material submitted by Defendant contained specific allegations of operative facts which would warrant such relief.

"4. The trial court erred and abused its discretion by failing to grant Defendant leave to file his Answer instanter."

Appellant's Assignments of Error Nos. 1, 2 and 4 address the same basic issue and, therefore, will be treated in consolidated fashion.

Civ. R. 55(A) recites:

"* * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"

Appellant's actual attendance in court and his counsel's motion for filing an answer were sufficient appearances to invoke this notice requirement of Civ. R. 55(A). *Linder v. Community Development Associates, Inc.* (App. 1974), 67 O.O. 2d 314. However, in the instant case, neither appellant nor his counsel was served with written notice within the required time.

The Federal Rules of Civil Procedure provide, as does Civ. R. 55, for service of written notice on the adverse party of the pending default. Fed. R. Civ. P. 55(b)(2). Further, on the federal level it has been consistently held that a default judgment entered without the required service must be vacated or reversed on appeal. *H. F. Livermore Corp.* v. *Aktiengesellschaft Gebruder Loepfe* (C.A. D.C. 1970), 432 F. 2d 689; *Bass* v. *Hoagland* (C.A. 5, 1949), 172 F. 2d 205, certiorari denied (1949), 338 U.S. 816.

Ohio courts have similarly held that a default judgment without notice requires vacating the judgment or reversal on appeal. *Ries Flooring Co., Inc.* v. *Dileno Constr. Co.* (1977), 53 Ohio App. 2d 255 [7 O.O.3d 320]; *Linder, supra.*

Accordingly, appellant's assignments of error are well-taken.

Although the docket does not show appellant's motion to vacate under Civ. R. 60(B), the journal entry of April 26, 1983 recognizes that such a motion was made. In view of our reversal on appellant's Assignments of Error Nos. 1, 2 and 4, we need not decide the third assignment of error.

It is therefore ordered that the judgment below is reversed, the default judgment entered on March 9, 1983 be vacated, and that the matter proceed to trial on the merits.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and DAHLING, J., concur.