Hardware & Supply Co., Appellee,
v. Edward Davidson, M.D., Inc.,
Appellant.

(No. 11968 — Decided May 8, 1985.)

*Dean Smith,* for appellee.
*W. Love II,* for appellant.

George, P.J. Defendant-appellant, Edward Davidson, M.D., Inc., appeals a judgment on an account, awarding $337.35 to plaintiff-appellee, the Hardware and Supply Company. This court reverses and remands.

Plaintiff filed the complaint September 12, 1984, with an attached statement indicating defendant owed $337.35 for "services rendered." After service by certified mail was unsuccessful, service was made by regular mail. On October 24, 1984, within the allotted time, defendant filed for leave for a twenty-one-day extension to plead. When defendant failed to answer within the extended time, plaintiff moved for a default judgment pursuant to Civ. R. 55(A). The application for default judgment and the journal entry granting that judgment were both filed on November 30, 1984. It is from this judgment that defendant appeals, assigning as error:

"The trial court erred by granting plaintiff a default judgment summarily and without hearing although there had been a prior appearance by defendant in this case."

The proper procedure for holding a party in default is set forth in Civ. R. 55(A), which provides, in pertinent part:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) *shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"* (Emphasis added.)

By filing for an extension to plead within the allotted time, defendant "appeared in the action" so as to trigger the seven-day notice requirement of Civ. R. 55(A). That notice requirement obviously was not met since the application for default judgment and the journal entry granting judgment were both filed November 30, 1984. See *AMCA Internatl. Corp.* v. *Carlton* (1984), 10 Ohio St. 3d 88.

Since the entry of the default judgment was in violation of the provisions of Civ. R. 55(A), the judgment of the trial court is hereby reversed and the cause is remanded for further proceedings.

*Judgment reversed and
cause remanded.*

Quillin and Baird, JJ., concur.