[1] Appellant has not assigned as error that the trial court erred in finding no agency/principal relationship existed between Pritchard and appellee. Accordingly, we decline to address that finding.

## Muskingum County
## v.
## Melvin
*[Cite as 7 AOA 161]*

*Case No. CA-90-8*
*Muskingum County, (5th)*
*Decided October 15, 1990*

*Thomas A. Lewis, 17 North Fourth Street, P.O. Box 1110, Zanesville, Ohio 47002-1110, for Plaintiff-Appellee.*

*Robert L. McCarty, 3278 West Broad Street, Columbus, Ohio 43204, for Defendants-Appellants.*

GWIN, J.

Defendants-appellants, Ronald L. Melvin and Ruth Melvin (appellants), appeal from two judgments entered in the Court of Common Pleas, Muskingum County, to-wit: (1) a February 2, 1990 journal entry granting a default judgment in favor of plaintiff-appellee, the County of Muskingum, Ohio (appellee); and (2) a March 5, 1990 journal entry overruling appellants' motion for leave to file their answer out of rule.[1] Appellants seek our review and assign the following as error:

"I. TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AFFORD DEFENDANTS A REARING ON THE MOTION FOR LEAVE TO FILE THEIR ANSWER OUT OF RULE.

"II. TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER OUT OF RULE.

"III. DEFENDANTS WERE DENIED DUE PROCESS IN FAILING TO RECEIVE NOTICE OF HEARING ON THE DEFAULT

JUDGMENT TAKEN BY PLAINTIFF AND OPPORTUNITY TO PRESENT ITS EVIDENCE AT A HEARING.

"IV. TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFAULT JUDGMENT TO PLAINTIFF WITHOUT REQUIRING (1) SEVEN DAYS NOTICE PRIOR TO THE HEARING AS REQUIRED BY RULE 55, O.R.C.P. AND (2) IN FAILING TO REQUIRE PLAINTIFF TO GIVE NOTICE TO DEFENDANT OF ANY HEARING ON DEFAULT JUDGMENT."

Appellee filed a complaint on December 11, 1989, seeking the appropriation of easements on appellants' property for the purpose of installing and operating sewer pipelines. Service by certified mail was achieved on December 29, 1989. On January 29, 1990, four days after the 28 day time period expired, appellants filed for leave to file their answer out of rule. On February 2, 1990, appellee moved for a de fault judgment, and the trial court granted the same by judgment entry dated February 2, 1990. Finally, on March 5, 1990, the trial court overruled appellants' motion for leave to file their answer out of rule because of Civ. R. 6 noncompliance.

We now turn to appellants' assignments of error.

### I & II

Appellants argue through their first two assignments that the trial court erred in overruling their motion for leave to file their answer out of rule.

R.C. 163.08 governs the filing of answers in appropriation actions. That section requires an answer to be filed within twenty-eight (28) days after service of the summons and complaint as mandated in Civ. R. 12. It is undisputed that appellants failed to file their answer within the above time period.

Civ. R. 6(B) (2) provides that upon motion the trial court may in its discretion permit the filing of an answer out of rule if the non-filing of the answer was the result of excusable neglect. Defendants, in their Memorandum in Support of the Motion for Leave, stated:

"Counsel for Defendant have been requested by Melvin's [sic] to file an answer in this case. since time for answer has elapsed request is made for leave to file out of rule."

Based upon. the reasons given by appellants' counsel we find the trial court did not abuse its discretion in finding appellants failed to demonstrate excusable neglect for the non-filing of their answer within the twenty-eight day period.

Appellants also argue through these assignments that the trial court erred in failing to hold a hearing on appellants' motion for leave to file their answer so to determine whether there was excusable neglect.

Muskingum County Local Rule 5(C) states that "[a]ll motions shall be submitted without oral argument on the memoranda filed with the Clerk" unless the Ohio Civil Rules require a hearing. That local rule under subsection (D) provides that notwithstanding subsection (C) a party may file a demand for an oral hearing on a motion. In the instant case, Civ. R. 6 does not require the trial court to hold a hearing to determine if there was excusable neglect and appellants never filed a demand for such a hearing.

Accordingly, the trial court did not err in overruling appellants' motion for leave to file their answer out of rule because of appellants' failure to demonstrate excusable neglect and appellants' failure to demand a hearing on said motion.

Assignments of error one and two are hereby overruled.

### III & IV

By their third and fourth assignments, appellants claim the trial court erred in granting a default judgment against them without requiring written notice be given to appellants pursuant to Civ. R. 55(A). Civ. R. 55(A) provides, in pertinent part:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to & judgment by default shall apply in writing or orally to the court therefore... *if the party against whom judgment by default is sought has appeared in the action he... shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.*" (Emphasis added.)

It is clear from the record that the seven-day notice was not given because the motion for default judgment and the journal entry granting judgment were both filed February 2, 1990.

The issue before us is whether appellants "appeared in the action" for purposes of triggering the Civ. R. 55 notice requirement. For the reasons that follow, we answer this query in the affirmative.

In *Hardware & Supply Co. v. Edward Davidson M.D., Inc.* (1985), 23 Ohio App. 3d 145, the Summit County Court of Appeals held that a party has "appeared in the action" for purposes of Civ. R. 55 (A) notice when he has filed for an extension to plead within the twenty-eight day time period provided in Civ. R. 12.

Here, appellants filed for leave to plead the twenty-eight day time period *but before* the trial court entered its default judgment. Accordingly, we are of the opinion that appellants had "appeared in the action" when they filed their motion for leave to plead out of rule and appellants, therefore, were entitled to the seven-day notice requirement under Civ. R. 55(A) prior to the entry of default judgment.

Appellants' third and fourth assignments of error are hereby sustained.

For the foregoing reasons, the judgment of the Common Pleas Court of Muskingum County is hereby reversed, and we remand to this cause to that court for further proceedings according to law.

MILLIGAN, P.J., and HOFFMAN, J., concur.

---

[1] Appellants' Notice of Appeal indicated that they were only appealing from the trial court's March 5, 1990 judgment entry. However, upon review of the record, we find that this is an appeal from both of the above identified judgments because they are so interrelated.