DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants John M. Harris and Buckeye Car Wash appeal from the order of the Cuyahoga Falls Municipal Court granting default judgment in favor of appellees Linda Royer, Clay Royer and Progressive Insurance Company. We reverse.
On February 5, 1997, appellees filed a complaint against appellants in the Cuyahoga Falls Municipal Court. Appellants and appellees filed a stipulation for leave to plead on April 1, 1997. Appellants then moved for leave to plead on April 17, 1997. On May 19, 1997, appellants again moved for leave to plead. The trial court denied this motion on May 23, 1997. On May 27, 1997, appellees moved the trial court to enter default judgment against appellants. The trial court granted the motion for default judgment on May 29, 1997. Appellants filed the instant appeal on July 1, 1997.
In their sole assignment of error, appellants maintain "[t]he Trial Court erred in granting default judgment in favor of Plaintiffs without allowing the Defendant an opportunity to respond as required by Civ.R. 55(A)." We find the assignment of error well taken.
Civ.R. 55(A) provides, in pertinent part:
 If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
"The plain meaning of the notice provision of Civ.R. 55(A) is that no default judgment can be entered against a defendant who has appeared in the action, unless at least seven days' notice is given to such defendant prior to the hearing on the application for default judgment." Breeding v. Herberger (1992), 81 Ohio App.3d 419,422. This court previously held that "[a] party who filed a motion for extension to plead has `appeared in the action' for purposes of Civ.R. 55(A) and is entitled to the seven-day notice required under Civ.R. 55(A)[.]" Hardware Supply Co. v.Edward Davidson, M.D., Inc. (1985), 23 Ohio App.3d 145, syllabus.
By moving for leave to plead, appellants "appeared in the action" for purposes of the Civ.R. 55(A) seven-day notice period. Appellees moved for default judgment on May 27, 1997. The trial court granted the motion on May 29, 1997. Clearly, in granting the motion for default judgment just two days after it was filed by the appellees, the trial court failed to meet the seven day notice requirement of Civ.R. 55(A).
Accordingly, appellants' sole assignment of error is sustained. The order of the Cuyahoga Falls Municipal Court granting default judgment in favor of appellees is reversed and the cause is remanded for further proceedings.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit, Cuyahoga Falls Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, J., P. J.
DICKINSON, J.
CONCUR.