DECISION AND JOURNAL ENTRY
Appellant, Floyd T. Sampsel,[1] has appealed from the order of the Summit County Court of Common Pleas granting Appellee, Horning Builders Supply Company, default judgment. We reverse.
On March 2, 1999, Appellee filed a complaint against Appellant asking for judgment in the amount of $41,316.72. Appellant was served with this complaint on March 3, 1999. On April 5, 1999, Appellant moved the trial court for leave to plead. On April 19, 1999, Appellee moved for default judgment. On April 23, 1999, default judgment was granted in favor of Appellee. On April 27, 1999, Appellant filed an answer. Appellant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred by granting [Appellee] a default judgment summarily and without hearing although there had been a prior appearance by [Appellant] in this case.
In his sole assignment of error, Appellant has argued that the trial court erred by granting default judgment to Appellee without following the required procedures set forth in Civ.R. 55. We agree.
Pursuant to Civ.R. 55, default judgment may be granted against a party against whom a judgment for affirmative relief is sought when such party fails to plead or otherwise defend against the action as provided in the rules. However, "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Civ.R. 55.
This Court has previously ruled that by filing a motion for an extension of time in which to plead, the appellant "appeared in the action" and thereby triggered the seven-day notice requirement set forth in Civ.R. 55. Hardware Supply Co. v. Edward Davidson, M.D., Inc.
(1985), 23 Ohio App.3d 145, 145. In this case, Appellant filed such a motion for leave to plead. Since the trial court entered an order granting the default judgment just four days after Appellee filed his motion requesting said judgment, the seven-day requirement was obviously not met. Therefore, we find that Appellant's assignment of error has merit and the order of the trial court granting default judgment is hereby reversed and the cause is remanded for further proceedings.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ________________________ LYNN C. SLABY.
FOR THE COURT, CARR, J., WHITMORE, J. CONCUR.
[1] In the pleadings and filings by Appellee, Appellant's name is spelled Samsel. However, in all pleadings filed by Appellant he spells his name Sampsel. We have used the spelling set forth by Appellant himself in the course of this opinion.