OPINION
In this accelerated calendar appeal submitted on the briefs of the parties, appellant, Dominic F. Fontanella, appeals the judgment rendered by the Trumbull County Court of Common Pleas, granting summary judgment in favor appellee, Zoe A. Ambrosio.
In addition to the tortured procedural history of this case, the following is relevant to this appeal. On April 25, 2000, appellant filed a complaint for breach of contract against appellee. The record indicates that the complaint was served upon appellee on April 27, 2000.
Thereafter, on May 30, 2000, appellee filed a "stipulation" for leave to answer the complaint. Although titled in that manner, there was no indication that this motion contained any such "stipulation" by opposing counsel. Rather, in this motion, appellee asked for an additional thirty days, or until June 30, 2000, to file her answer. However, no reason was given for her failure to file a timely answer. In a judgment entry dated June 6, 2000, the trial court granted appellee the additional thirty days she requested.
Also, on June 6, 2000, appellant filed his notice regarding the filing of interrogatories with the trial court. Additionally, on June 19, 2000, prior to the expiration of the thirty day extension, appellant filed a motion for default judgment, asking the trial court to enter judgment against appellee because she had failed to plead or otherwise defend in the action.
Then, on August 24, 2000, appellee filed a motion for leave to file answer instanter pursuant to Civ.R. 6(B), but no answer was attached. According to appellee's attorney, he was not retained by appellee until May 30, 2000. Defense counsel claimed that appellee's financial inability to retain counsel earlier constituted excusable neglect. However, no reason was given as to why it took counsel from May 31, 2000, to August 24, 2000, to file this motion. Nevertheless, the trial court granted the motion for leave on September 5, 2000.
Finally, on September 6, 2000, appellee filed her answer, which included the affirmative defense of res judicata. She also initiated a counterclaim against appellant alleging that he was a vexatious litigator and asking that he be prohibited from instituting additional legal proceedings against her.
On September 12, 2000, approximately a week after the answer and counterclaim were filed, appellee filed a motion to compel answers to the June interrogatories. On September 27, 2000, the trial court granted appellant's motion to compel but denied his June 19, 2000 motion for default judgment. The interrogatories were to be answered by September 29, 2000. However, on October 20, 2000, appellant filed a motion for imposition of sanctions, claiming that appellee's response to the interrogatories was inadequate.
In the interim, several pretrial or status conferences were held. Presumably, as a result of one of these conferences, the trial court granted appellee until December 22, 2000, to file a motion for summary judgment. However, on January 4, 2001, appellee filed a motion for leave to file a motion for summary judgment instanter. Appellee's attorney claimed that the "hectic nature of the practice" and the holiday season constituted excusable neglect for not filing the motion by the court's due date. On January 10, 2001, the trial court granted the leave requested, and appellee ultimately filed her motion for summary judgment on January 16, 2001.
Upon consideration, on March 6, 2001, the trial court granted summary judgment in favor of appellee on the issue of appellant's original breach of contract claim.[1] The trial court stated there was no just cause for delay as appellee's counterclaim remained pending, thereby rendering the decision a final appealable order.
It is from this judgment appellant appeals, advancing two assignments of error for our consideration:
 "[1.] It was error for the court to not grant the plaintiff's default judgment.
 "[2.] Trail [sic] court erred by not imposing sanctions."
In his first assignment of error, appellant contends the trial court erred by not granting his motion for default judgment because appellee did not show excusable neglect as to why her answer was filed out of rule. Essentially, appellant contends that he was entitled to a default judgment once appellee failed to answer his complaint within twenty eight days of service and because appellee's "stipulation" for leave to file an answer cited to a nonexistent Local Rule.
Generally speaking, Civ.R. 6(B) governs the enlargement of time in which a party may comply with the civil rules. In relevant part to this appeal, Civ.R. 6(B)(2) provides that, after the expiration of the specified time period, a trial court may extend the time if a party files a motion for such and the failure to file within rule was the result of excusable neglect. Clearly, the preceding language falls significantly short of establishing a jurisdictional twenty-eight day limit.
A determination under Civ.R. 6(B)(2) rests within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. State ex rel. Lindenschmidt v. Butler Cty.Bd. of Commrs., 72 Ohio St.3d 464, 465, 1995-Ohio-49. An abuse of discretion connotes more than an error of law or judgment; rather it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112.
In conjunction with this standard, additional factors of a showing of a meritorious defense as well as the showing of an absence of prejudice to the plaintiff can also be considered. "[T]he determination of whether neglect is excusable or inexcusable must take into consideration all suchsurrounding facts and circumstances." (Emphasis added.) MarionProduction Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 271. "Courts must also remain mindful of the admonition that cases should be decided upon their merits, where possible, rather than on procedural grounds." Id.
There is no question that the determination to allow this case to go forward on its merits was a close call. Had we been sitting as the trial judge, we might have viewed the dilatory responses of appellee's attorney as being unworthy of consideration. However, we are mindful of the fact that "[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." (Emphasis added.) In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138 citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
Further, the merits of this case call out for a decision on those merits. This is because appellant failed to advise the trial court or this court of any prejudice sustained as a result of the delay which prevented him from being able to present his case on its merits. Thus, any error which may have occurred from the delay in allowing appellee to file an answer to the complaint was harmless. Civ.R. 61; App.R. 12(B) and (D). See, generally, State v. Benner (1988), 40 Ohio St.3d 301, 317;Bostic v. Connor (1988), 37 Ohio St.3d 144, 149 (generally holding that reversal is not warranted when an error is deemed harmless and no prejudice occurs). See, also, Grenga v. Smith, 11th Dist. No. 2001-T-0040, 2002-Ohio-1179, at ¶ 61; Caito v. Zucallo, 11th Dist. No. 2000-P-0070, 2001-Ohio-8881, 2001 WL 1388377, at 3-4.
Under such circumstances, the trial court did not abuse its discretion by granting appellee's first leave to answer and then granting her subsequent motions to file instanter.
In a similar vein, appellant next asserts the trial court should have granted his motion for a default judgment because appellee did not answer his complaint within rule.
Default judgment is governed by Civ.R. 55(A), which states, in pertinent part:
 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *." (Emphasis added.)
In accordance with Civ.R. 55, "a default judgment is only proper when a party [defending a claim] has `failed to plead or otherwise defend.'"Chase Manhattan Automotive Finance Corp. v. Glass (July 13, 2001), 11th Dist. App. No. 2000-T-0090, 2001 WL 799875, at 1. See, also, Ohio ValleyRadiology Associates, Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 120; Reese v. Proppe (1981), 3 Ohio App.3d 103, 105;Davis v. Immediate Med. Services, Inc., 80 Ohio St.3d 10, 14,1997-Ohio-363, (holding that "[d]efault judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action.")
While appellee failed to timely file an answer, she otherwise appeared and defended the action by filing a "stipulation" for leave to answer on May 20, 2000. A defendant who files a motion for an extension to plead or a motion to file answer instanter has appeared in the action and as such, entitles that party to notice and other due process considerations. Hardware Supply Co. v. Edward Davidson, M.D., Inc. (1985), 23 Ohio App.3d 145. Under these circumstances, the trial court did not abuse its discretion in denying appellant's motion for default judgment because appellee had appeared earlier.
Appellant also suggests that Civ.R. 5(D) and (E) violations occurred. Appellant, however, overlooks the fact that he failed to bring these errors to the trial court's attention at a time when such errors could have been avoided and corrected by the court. Abbott v. HaightProperties, Inc. (Apr. 28, 2000), 6th Dist. App. No. L-98-1413, 2000 WL 491731, at 6, fn. 1. See, also, Nozik v. Kanaga (Dec. 1, 2000), 11th Dist. App. No. 99-L-193, 2000 WL 1774136, at 2. Hence, it is unnecessary for this court to consider appellant's Civ.R. 5 arguments as he waived his right to raise these issues on appeal. Lippy v. Soc. Natl. Bank
(1993), 88 Ohio App.3d 33, 40; Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43; Nozik at 2; Geauga Metro. Hous. Auth. v. Biggs (May 19, 2000), 11th Dist. No. 98-G-2207, 2000 WL 665567, at 5. Nevertheless, we will briefly address them below.
Appellant first submits that appellee's pleadings and motions allegedly contained invalid certifications under Civ.R. 5(D). Even if this were true, appellant has not demonstrated how this allegedly invalid certification prejudiced him. For instance, appellant does not allege that he did not receive service of appellee's motions or pleadings. Thus, any error which may have occurred was harmless because appellant has not shown that he suffered prejudice as a result of these events. Civ.R. 61; App.R. 12(B) and (D).
Appellant also contends that appellee's May 30, 2000 "stipulation" for leave to answer the complaint was inappropriately filed in violation of Civ.R. 5(E) as it failed to indicate that the judge noted the date and transmitted a copy to the clerk. Although appellant also takes issue with the fact that appellee's May 30, 2000 motion does not indicate the exact minute it was filed, it is evident from the record that the clerk of courts stamped this document as filed with the Trumbull County Court of Common Pleas. Accordingly, the May 30, 2000 motion was, indeed, filed with the trial court.
For all these reasons, appellant's first assignment of error, including all its sub-issues, are not well-taken.
In his second assignment of error, appellant argues the trial court erred by not granting his October 20, 2000 motion to impose sanctions pursuant to Civ.R. 37 due to appellee's failure to file timely responses to his interrogatories.[2] As to this point, the record indicates that appellee answered the interrogatories. Thus, appellant seems to suggest that appellee's response was insufficient.
Generally speaking, Civ.R. 37 permits a trial court to sanction a party for a failure to comply with discovery orders. Absent an abuse of discretion, an appellate court will not reverse the trial court's determination on discovery sanctions. Nakoff v. Fairview Gen. Hosp.,75 Ohio St.3d 254, syllabus, 1996-Ohio-159.
For the reasons that follow, we hold that when appellant's motion for sanctions is considered in light of the trial court's determination that the instant cause was barred by the doctrine of res judicata, the trial court did not abuse its discretion in refusing to impose sanctions.[3]
Appellee's motion for summary judgment addressed the single issue of res judicata. The thrust of appellee's motion was that the present action contained the same allegations that were brought in a 1999 lawsuit maintained in Mahoning County. That earlier case resulted in an order of dismissal with prejudice, pursuant to settlement, which was signed by the trial judge and both parties. To support her position, appellee attached, inter alia, a copy of the 1999 complaint and a copy of the February 7, 2000 judgment entry dismissing the action with prejudice.[4]
Appellant countered the motion for summary judgment with two major arguments. First, he maintained that he should have been granted a default judgment as a result of appellee's late answer. Second, he argued that appellee "[h]as not shown there ever existed a final judgment rendered upon the merits."
Under the doctrine of res judicata, a subsequent action is barred if the following elements are demonstrated: (1) a final judgment is rendered on the merits by a court of competent jurisdiction; (2) concerning the same claim or cause of action as that now asserted; and (3) between the same parties as are in the current action or their privies. Kelm v.Kelm, 92 Ohio St.3d 223, 227, 2001-Ohio-168, quoting Grava v. ParkmanTwp., 73 Ohio St.3d 379, syllabus, 1995-Ohio-331.
As to the first element, the 1999 judgment entry issued by the Mahoning County Court of Common Pleas clearly indicates that "[the parties], pursuant to settlement discussions, have agreed to dismiss this actionwith prejudice * * *. Parties further waive any procedural requirementsunder the Ohio Civil Rules to accomplish these dismissals withprejudice." (Emphasis added.) The trial court, appellant, and appellee's attorney signed this judgment entry.
A dismissal of an action with prejudice is treated as an adjudication on the merits. Thomas v. Freeman, 79 Ohio St.3d 221, 225, fn. 2, 1997-Ohio-395; Tower City Properties v. Cuyahoga Cty. Bd. of Revision
(1990), 49 Ohio St.3d 67, 69, citing Chadwick v. Barba Lou, Inc. (1982),69 Ohio St.2d 222, 226 ("`* * * an action dismissed "with prejudice" is vulnerable to the defense of res judicata. * * *'"). Hence, we hold that the Mahoning County trial court's dismissal of appellant's action with prejudice constitutes a final judgment on the merits.
Second, the present action involves the same cause of action that was brought in the 1999 Mahoning County lawsuit. Appellant's current claim is that appellee breached a contract concerning the receipt of rental payments; that is the same contention raised by him in his 1999 lawsuit.
Finally, the parties in the 1999 Mahoning County action and the present action are indisputably the same.
In summation, because the dismissal of appellant's 1999 lawsuit by the Mahoning County trial court was treated as an adjudication on the merits, his present breach of contract lawsuit against appellee is now barred by the doctrine of res judicata. Accordingly, the trial court properly granted appellee's motion for summary judgment.
As a result, when appellant's motion for sanctions is viewed in light of this affirmative defense, it is apparent that the trial court did not abuse its discretion in refusing to impose sanctions. Further, appellant's interrogatories were rendered moot as they were irrelevant to the issue of res judicata. Given that the affirmative defense of res judicata was meritorious, it precluded an analysis on the merits of appellant's motion for sanctions by the trial court. Accordingly, appellant's second assignment is without merit.
Based on the foregoing analysis, appellant's assignments of error, including all subissues, lack merit, and the judgment of the trial court is affirmed in all respects.
DONALD R. FORD, P.J., concurs, DIANE V. GRENDELL, J., concurs and dissents with Concurring/Dissenting Opinion.
[1] Technically, the trial court's dismissal should have been framed as a "judgment granted for defendant as to plaintiff's claims."
[2] Because the record reveals that appellant filed only one motion for sanctions pursuant to Civ.R. 37, we will limit our analysis accordingly.
[3] As an aside, we note that the trial court did not specifically rule on appellant's motion for sanctions until after granting appellee's motion for summary judgment. Specifically, in its March 6, 2001 judgment entry, the trial court stated that "[t]his entry makes any remaining motions moot."
[4] In his motion in opposition to the motion for summary judgment, appellant generally opposed the exhibits attached to appellee's motion for summary judgment as not of the type specified in Civ.R. 56(C). However, appellant did not object to the exhibits on the basis of their authenticity.