OPINION
{¶ 1} Appellant Stonebridge Glen, LLC, appeals a judgment of the Stark County Common Pleas Court overruling its motion for leave to file an answer instanter, and granting default judgment in favor of appellee Bolon's Custom Kitchens, Inc. in the amount of $12,471.12:
 {¶ 2} "I. THE TRIAL COURT ERRED BY GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT STONEBRIDGE GLEN.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DENYING DEFENDANT STONEBRIDGE GLEN'S MOTION FOR LEAVE TO FILE ITS ANSWER AND CROSS-CLAIM INSTANTER."
 {¶ 4} Appellant is the developer of a single-family residential condominium project commonly known as "Stonebridge Glen Condominiums." Appellee provided kitchen cabinetry for the condominium project. A dispute arose between the parties and the general contractor for the project, Lexas Builders, and on March 20, 2002, appellee filed the instant action against Lexas and appellant seeking to recover costs associated with providing cabinetry. On March 26, 2002, appellant was served with the complaint and summons.
 {¶ 5} On May 7, 2002, approximately two weeks after the answer date, appellant filed a stipulated leave to plead, which extended appellant's answer date to May 17, 2002. Appellant failed to file the answer by the stipulated date. On May 20, appellee filed a motion for default judgment. On May 22, appellant attempted to file a responsive pleading, along with a motion for leave to file the answer and cross-claim instanter. Appellant argued that counsel did not receive documentation supporting payment of amounts due Lexas for the cabinetry until May 17, the day on which the initial leave to plead expired. Counsel argued that since the Common Pleas Court does not receive electronic filings, it was impossible to file a response by Friday, May 17, 2002. Approximately two hours after the motion to file the answer instanter was filed, the court filed a judgment granting default judgment in favor of appellee. On June 10, the court entered judgment denying appellant's motion for leave to file its answer and cross-claim instanter.
 I {¶ 6} In its first assignment of error, appellant argues that the court erred in entering default judgment, as the court failed to give appellant seven days notice, as required by Civ.R. 55(A).
 {¶ 7} Civ.R. 55(A) provides that if the party against whom default judgment is sought has appeared in the action, he shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. It is clear from the record that the seven day notice was not given, as the motion for default judgment was filed May 20, and judgment was granted on May 22. The issue before us is therefore whether appellant had "appeared in the action" for purposes of triggering the Civ.R. 55 notice requirement.
 {¶ 8} In Muskingum County v. Melvin (1990), 69 Ohio App.3d 811,814, the appellants had filed for leave to plead outside the twenty-eight day time period, but before the trial court entered its default judgment. This court held that appellants had appeared in the action when they filed their motion for leave to plead out of rule, and were therefore entitled to the seven-day notice as required by Civ.R. 55(A) prior to entry of the default judgment. Id. at 815.
 {¶ 9} In the instant case, appellee argues that appellant filed its initial motion for leave to plead outside the twenty-eight day answer period. However, the judgment allowing appellant the extension of time to plead was a stipulated judgment, and at that time, appellee had not filed a motion for default judgment. The stipulated entry was signed by counsel for both parties to the action, and having consented to the late filing, appellee cannot now argue that appellant failed to appear by filing this judgment outside the original twenty-eight day period.
 {¶ 10} The first assignment of error is sustained.
 II {¶ 11} Appellant argues that the court erred in overruling its motion for leave to file an answer and cross-claim instanter, filed on May 22.
 {¶ 12} Civ.R. 6(B)(2) provides:
 {¶ 13} (B) Time: extension
 {¶ 14} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."
 {¶ 15} Appellant filed no supporting evidentiary material to demonstrate its claim for excusable neglect. In its original motion for leave to file, counsel for appellant represented that he only recently obtained the information from his client which was necessary in order to respond to the complaint. In a response to appellee's memorandum in opposition to the motion for leave to file an answer, counsel for appellant alleged that upon service of the complaint, counsel requested that his client assemble documentation supporting his payment of amounts due Lexas and a copy of its contract with Lexas, and when such information was not received prior to the date the answer was due, the stipulated entry for extending the answer date to May 17, 2002, was filed. Counsel stated that he did not receive the supporting documentation until the date on which the leave to plead expired, and because the Stark County Common Pleas Court would not receive filings electronically or by telecopy, it was impossible for counsel to file a timely response. Counsel also argued that under Loc.R. 9.03 of the Common Pleas Court, it was entitled to an initial thirty-day extension of time, and therefore should have had until May 23, 2002, to respond.
 {¶ 16} Regardless of how many days appellant may have been entitled to pursuant to the rule, the stipulated judgment entry, filed outside of the twenty-eight day answer period, gave appellant only until May 17 to file a response to the pleading. Failure to obtain needed information from counsel's own client does not constitute excusable neglect so as to allow appellant to miss the answer date twice. The court did not abuse its discretion in overruling the motion for leave to file an answer and cross-claim instanter.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} The June 10, 2002, judgment of the Stark County Common Pleas Court denying appellant's motion for leave to file its answer instanter is affirmed. The May 22, 2002, default judgment in favor of appellee is reversed for failure give the appropriate seven-day notice. This case is remanded to the Stark County Common Pleas Court for further proceedings according to law.
By Gwin, P.J., Wise, J., and Boggins, J., concur default judgment appearance.