DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Kathy S. Smith has appealed from an order of the Summit County Court of Common Pleas that granted default judgment in favor of Plaintiff-Appellee Bank of New York. This Court reverses, and remands for further proceedings.
 I {¶ 2} As an initial matter, this Court notes that Appellee failed to file an appellate brief in the matter before this court. Pursuant to App.R. 18(C), this Court may accept the Appellant's statement of the facts and issues as presented in Appellant's brief as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action.
 {¶ 3} On July 8, 2002, Appellee filed a complaint for foreclosure against Appellant in the Summit County Court of Common Pleas. After a failed attempt to effect service of process in July 2002, Appellee perfected service of process on January 13, 2003. Appellant filed a certification for leave to plead on February 10, 2003 and Pursuant to Loc.R. 7.13(a), the motion was automatically granted. Appellant then filed a stipulation for leave to plead on March 18, 2003. Two days later, on March 20, 2003, Appellee moved for default judgment. The trial court granted the motion for default judgment on March 27, 2003.
 {¶ 4} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
"The Trial Court Erred In Granting A Default Judgment Without Setting A Hearing When [Appellant] Had Previously Appeared In The Case And [Appellee's] Counsel Had Granted Appellant An Additional Leave To Plead Which Had Not Expired Prior To The Default Judgment Being Granted."
 {¶ 5} In Appellant's sole assignment of error, she has argued that the trial court erred when it granted Appellee's motion for a default judgment without scheduling a hearing on the matter and otherwise following the proper procedures set forth in Civ.R. 55(A). We agree.
 {¶ 6} The Due Process Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution require that a party be entitled to reasonable notice of judicial proceedings and an opportunity to be heard. Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118. It is a long-established and fundamental tenet of American jurisprudence that: "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 124-25, quoting Mullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865. Civ.R. 55(A), by design, protects the due process rights of litigants through its mandate that, in the context of a default motion, the non-moving party must be given an opportunity to defend her interests in court. Civ.R. 55(A) states, in pertinent part:
"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, is representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 7} The due process protections of Civ.R. 55 are triggered whenever the non-moving party to a default motion has already made an appearance in the case at issue. In the case at bar, Appellant filed two different leaves to plead pursuant to Loc.R. 7.13(a) and (b) of the Court of Common Pleas of Summit County, General Division. Loc.R. 7.13(a) allows for an automatic leave to plead by certification when no previous leave has been taken. Loc.R. 7.13(b) allows for a second leave to plead by stipulation with the consent of opposing counsel and approval of the court. Based upon the filing of the second leave to plead, Appellant has contended that she had until April 15, 2003, to file a response to Appellee's complaint.
 {¶ 8} The record reveals that Appellant, after obtaining opposing counsel's signature on the second leave to plead, filed the second leave to plead only days before default judgment was entered against her. However, the trial court never ruled on Appellant's second leave to plead. Loc.R. 7.13(b) of the Court of Common Pleas of Summit County requires the consent of opposing counsel before a judge can grant a second leave to plead by stipulation. Without judicial approval, an opposing counsel's consent is without effect; opposing counsel cannot grant a leave to plead by stipulation. As the record lacks a judgment entry indicating that Appellant's second leave to plead was granted, we conclude that Appellant was never granted additional time to respond to Appellee's complaint. Thus, pursuant to her first leave to plead, she was required to file a response by March 3, 2003.
 {¶ 9} Although Appellant's second leave to plead was not in effect at the time the trial court granted default judgment in favor of Appellees, we find that the trial court erred when it entered judgment in favor of Appellees. Pursuant to Civ.R. 55(A), the trial court was required to give Appellant seven days notice before entering judgment in favor of Appellee because the filing of a motion requesting additional time to plead constitutes making an appearance before the court thus triggering the rule's seven day notice requirement. Hardware SupplyCo. v. Edward Davidson, M.D., Inc. (1985), 23 Ohio App.3d 145, 145. By filing her first motion for leave to plead, Appellant "appeared" for purposes of Civ.R. 55(A) and triggered the seven day notice requirement.
 {¶ 10} Our review of the record indicates that Appellant did not receive notice of the motion for default filed by Appellee, nor was she given any opportunity to be heard on the matter prior to the trial court entering default judgment against her. This Court has previously held that "failure to give reasonable notice renders Section 16, Article 1 of the Ohio Constitution * * * meaningless." Molodovan v. Cuyahoga Cty.Welfare Dept. (1986), 25 Ohio St.3d 293, 296, fn. 3.
 {¶ 11} Because the trial court entered default judgment against Appellant after she had made an appearance and without serving her with seven days notice, the default entry is in contravention of Civ.R. 55(A). Aames Capital Corp. v. Wells (August 4, 1999), 9th Dist. No. 19402, at 3. Therefore, the trial court erred when it entered a default judgment against Appellant. Accordingly, Appellant's assignment of error is well taken.
 III {¶ 12} Appellant's assignment of error is sustained. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
BAIRD, P.J.
BATCHELDER, J. CONCUR