OPINION
{¶ 1} Defendant-appellant Raymond P. Johnson appeals the April 23, 2003 Judgment Entry of the Perry County Court, granting plaintiff-appellee Platinum Financial Services Corp. default judgment against him.
 STATEMENT OF THE CASE AND FACTS
{¶ 2} On January 6, 2003, appellee filed a Complaint for money in the Perry County Court, alleging appellant failed to pay the balance due on an account with appellee in the amount of $1,166.37. On February 4, 2003, appellant filed a pro se Motion to Dismiss. As grounds for the motion, appellant asserted he does not live or maintain a business in Perry County; improper venue under Civ. R. 3(B); improper service of process pursuant to Civ. R. 4.1(A); and lack of jurisdiction. Appellee filed a brief in opposition thereto. Appellee explained appellant was served with the complaint at a Thornville, Ohio address, and such town is within the jurisdiction of the Perry County Court.
{¶ 3} On April 23, 2003, appellee filed a Motion for Default Judgment, claiming "[appellant] has failed to answer or otherwise respond to [appellee's] complaint although having being duly served and although due time has been afforded to answer or otherwise plead." Plaintiff's Motion for Default Judgment. The trial court granted default judgment in appellee's favor that same day via Judgment Entry filed April 23, 2003.
{¶ 4} It is from this judgment entry appellant appeals, raising the following assignments of error:
{¶ 5} "I. The lower court erred in entering default judgment.
{¶ 6} "II. The lower court lacked jurisdiction."
 I
{¶ 7} In his first assignment of error, appellant maintains the trial court erred in entering default judgment.
{¶ 8} Civ. R. 55(A) states, in pertinent part:
{¶ 9} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
{¶ 10} We must first determine whether appellant's filing of his motion to dismiss constitutes an appearance in the action. In construing the notice provisions of Civ. R. 55(A), Ohio courts have liberally interpreted the term "appeared." See, e.g., AMCA Internatl. Corp. v.Carlton (1984), 10 Ohio St.3d 88 (filing notice of appeal with the common pleas court pursuant to R.C. 4123.519 constitutes appearance); Suki v.Blume (1983), 9 Ohio App.3d 289 (filing untimely answer without leave of court constitutes an appearance); Gagliardi v. Flowers (1984),13 Ohio App.3d 238; and Hardware Supply Co. v. Edward Davidson,M.D., Inc. (1985), 23 Ohio App.3d 145 (filing of motion to file answer instanter or motion for extension to plead constitutes appearance);BancOhio Nat. Bank v. Mager (1988), 47 Ohio App.3d (filing of motion for change of venue constitutes an appearance for purposes of Civ.R. 55(A)).
{¶ 11} In the present case, following the filing of appellee's complaint, appellant filed a motion to dismiss on venue and jurisdictional grounds. Accordingly, we find appellant appeared in the present case. The trial court erred by granting appellee's motion for default judgment without affording appellant a hearing on the motion and the requisite seven day advance notice pursuant to Civ. R. 55(A).
{¶ 12} Appellant's first assignment of error is sustained.
 II
{¶ 13} In light of our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
{¶ 14} The judgment of the Perry County Court is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion and the law.
Wise, J. and Boggins, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court is reversed and the case is remanded to the trial court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.