OPINION
{¶ 1} On September 16, 2002, appellant, John Freeland, was injured in an automobile accident. Appellee, Beach City Fire and Rescue, provided medical care to appellant and transported him to a medical facility.
 {¶ 2} On March 21, 2005, appellee filed a complaint against appellant for payment for medical services rendered. On April 21, 2005, appellee filed a motion for default judgment based upon appellant's failure to file an answer. By judgment entry filed April 22, 2005, the trial court granted the motion.
 {¶ 3} On May 17, 2005, appellee filed a wage attachment to garnish appellant's wages. On June 23, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) and to terminate garnishment, claiming his counsel was not served with relevant court papers and the garnishment order was obtained ex parte. By judgment entry filed July 1, 2005, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN DENYING RELIEF FROM DEFAULT JUDGMENT, WHERE IT WAS UNDISPUTED THAT THE PARTY OBTAINING DEFAULT JUDGMENT, AND ITS COUNSEL, HAD KNOWLEDGE THAT THE DEFAULTING PARTY HAD COUNSEL BUT NEVERTHELESS FAILED TO SERVE COUNSEL WITH APPLICABLE MOTION PAPERS."
 I {¶ 6} Appellant claims the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. We disagree.
 {¶ 7} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 8} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 9} In his motion for relief, appellant argued appellee's counsel was aware that he was represented by counsel via a letter dated July 31, 2003 from his counsel to appellee and styled "To Whom It May Concern." See, Letter attached to June 23, 2005 Motion as Exhibit A. Further, in a letter to appellee's counsel dated April 19, 2005, one day before the answer day, appellant's counsel acknowledged his representation of appellant and encouraged settlement. See, Letter attached to June 23, 2005 Motion as Exhibit B.
 {¶ 10} Appellant argues because of these two letters, appellee should have served "relevant court papers on Defendant's counsel." We disagree with this argument. The obligation to serve the attorney of record applies only after the initial service of the complaint:
 {¶ 11} "Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption. Civ.R. 4(A).
 {¶ 12} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court." Civ.R. 5(B).
 {¶ 13} In extraordinary circumstances involving motions for default judgment, courts of this state have found that Civ.R. 55 applies:
 {¶ 14} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 15} This court has acknowledged this rule in Rennicker v.Jackson, Tuscarawas App. No. 2003AP090076, 2004-Ohio-3051, ¶ 9 and 10:
 {¶ 16} "Compliance with the seven-day notice requirement of Civ. R. 55 (A) is mandatory, see Midwest Flooring and Lining,Inc. v. Express Painting Corporation, Stark Appellate No. 2001-CA-00353, 2002-Ohio-2564, citing AMCA InternationalCorporation v. Carlton (1984), 10 Ohio St. 3d 88.
 {¶ 17} "In Hyway Logistic Services, Inc. v. Ashcraft,
Hancock Appellate No. 5-99-40, 2000-Ohio-1620, the Third District Court of Appeals reviewed a number of cases which construed the notice provisions of the Civ. R. 55. The court found courts generally construe the term `appeared' liberally, as in Suki v.Blum (1983), 9 Ohio App. 3d 289, 459 N.E. 2d 1311, where the defendant filed an untimely answer without leave of court. The court of appeals found this constituted an appearance. Likewise, in Gagliardi v. Flowers (1984), 13 Ohio App. 3d 238,468 N.E. 2d 933, and Hardware Supply Company vs. Edward Davidson, M.D.,Inc. (1985), 23 Ohio App. 3d 145, 492 N.E. 2d 168, courts have found filing a motion to file an answer instanter or a motion for extension of time to plead constitutes an appearance."
 {¶ 18} Our brethren from the Third District in Hyway held the following:
 {¶ 19} "We are aware of those cases wherein respective Ohio courts have concluded that a telephone call is sufficient to satisfy the appearance requirement of Civ.R. 55. See, e.g., AMCAInternatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88,461 N.E.2d 1282; Baines v. Harwood (1993), 87 Ohio App.3d 345,622 N.E.2d 372; Miamisburg Motel v. Huntington Natl. Bank (1993),88 Ohio App.3d 117, 623 N.E.2d 163. An overriding and dispositive concern in each of these cases was whether the communication between parties or counsel, via telephone calls or otherwise, demonstrated a clear intent to defend a suit. These cases do not stand for the principle that any telephone conversation constitutes an appearance so long as the subject matter of the pending litigation is discussed, however cursorily."
 {¶ 20} The case sub judice is distinguishable for two reasons. First, the letter identified as Exhibit A was not directed to appellee's attorney. Secondly, there is no proof that appellee's attorney received the April 19, 2005 letter, Exhibit B, before filing the motion for default judgment on April 21, 2005 at 10:45 a.m.
 {¶ 21} We conclude an appearance was not made before the motion for default and therefore, Civ.R. 55 does not apply. In addition, there is no showing of any meritorious defense in appellant's motion for relief from judgment.
 {¶ 22} Upon review, we find the trial court did not err in denying appellant's Civ.R. 60(B) motion for relief.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed.